ROGERS, Justice.
 

 Theo. Pace, R. C. Logue, and Frank Carney were charged with the offense of
 
 *841
 
 breaking and entering in the nighttime. The defendants were granted a severance, but on the day fixed for the trial of the three cases, it was agreed by counsel that Theo. Pace and Frank Carney should be tried together. The trial resulted in a verdict of guilty against both defendants. From the verdict against him and the sentence imposed thereunder, Theo. Pace prosecutes this appeal. The record contains eight bills of exception.
 

 Bill No. 1 was taken to the admissibility of the testimony of R. C. Logue, who was jointly indicted with Theo. Pace and H. J. Carney, but who 'was not tried with them. And bill No. 2 was taken to the refusal of the trial judge, on the objection of the state, to permit the witness Logue to be cross-examined as to the contents of a certain letter it was claimed he wrote Pace, on the ground that no testimony had been adduced showing that Logue wrote such a letter, but, if so, the letter was in Pace’s possession and was itself the best evidence of what it contained. The bills are referred to but not argued in appellant’s brief and are apparently abandoned by him. Moreover, they are without merit.
 

 Bill No. 4 was taken to the ruling of the trial judge that, because he sought to give his own opinion and not that of the community, one of defendant’s character witnesses was not qualified to testify. As we read the testimony of the witness, which is set out fully in the record, it shows that his opinion as to the defendant’s general reputation in the community rested on the fact that he had never heard any adverse criticism of defendant’s character. This being so, we think the trial judge erred in his ruling.
 

 The fact that the reputation of an accused has never been discussed in the community in which he has been living*is evidence of good character and may go to
 
 the
 
 jury. State v. Warren, 138 La. 361, 70 So. 326; State v. Emory, 151 La. 152, 91 So. 659; State v. Ciaccio, 163 La. 563, 112 So. 486; State v. Todd, 173 La. 23, 136 So. 76.
 

 But it is not every error in the rulings of a judge during the progress of a criminal trial that will justify the setting aside the verdict. Injury as well as error must be alleged and shown to justify this court in reversing a conviction because of the exclusion of evidence. State v. Kennon, 45 La.Ann. 1192, 14 So. 187; State v. Higginbotham, 138 La. 366, 70 So. 328; State v. Cullens, 168 La. 976, 123 So. 645; State v. Jones, 169 La. 291, 125 So. 127; State v. Nahoum, 172 La. 83, 133 So. 370; State v. Marsalise, 172 La. 796, 135 So. 361.
 

 The error must be so flagrant as to create a belief in the judicial mind that, but for its commission, a different and more favorable result to the defendant would have been reached. State v. Cole, 161 La. 827, 109 So. 505; State v. Gage, 161 La. 945, 109 So. 771; Code Cr.Proc. art. 557.
 

 No showing of injury is made by defendant in the bill. It is not pretended by defendant that the disqualified witness was his only character witness and that he was denied the right to present evi
 
 *843
 
 dence of his good character to the jury. The record discloses the contrary. It affirmatively shows that defendant was permitted to prove his good reputation by three apparently reliable witnesses.
 

 In defendant’s brief it is suggested that the ruling of the trial judge was prejudicial because it was, in effect, a comment by him that what the witness thought of the defendant had no bearing on defendant’s case. We find no force in the suggestion. When the state objected to the admissibility of the evidence, the trial judge was bound to rule on its relevancy. There was nothing in his ruling excluding the evidence which carried any intimation that he believed the defendant was guilty or in any way intimated that the witness was not credible. It is safe to assume that the jurors were possessed of ordinary intelligence and were governed by a sense of solemn duty, and we cannot conceive that they were misled by the ruling or that it had the remotest influence on their verdict.
 

 The ruling complained of does not disclose such injury to the defendant as, of itself, would justify this court in setting aside his conviction.
 

 Bills Nos. 3, 5, and 6 are grouped and argued together in defendant’s brief. They relate to the following incidents that occurred during the trial, viz.:
 

 A number of articles stolen during the course of the burglary were found on defendant’s premises. The sheriff, who made the arrest, was asked what explanation, if any, was made by the defendant as to the stolen articles, and his answer, admitted over defendant’s objection, was that defendant made no explanation; that he refused to talk.
 

 In his argument to the jury, the district attorney in discussing the testimony of the sheriff referred to defendant’s failure to explain his possession of the stolen articles, and stated that under the law a1 person found in possession of stolen property and who makes no explanation of his possession of the property is presumed to be guilty.
 

 Defendant objected to the statements of the district attorney as being improper references to the defendant’s failure to take the witness stand and asked that the jury be instructed to disregard the statements. The trial judge overruled defendant’s ob-. jections and declined to instruct the jury as requested.
 

 We find no error in the rulings complained of.
 

 Article 381 of the Gode of Criminal Procedure provides that: “Counsel may argue to the jury both the law and the evidence of the case, but must confine themselves to matters as to which evidence has been received, or of which judicial cognizance is taken, and to the law applicable to the evidence; and counsel shall refrain from any appeal to prejudice.”
 

 Article 432 of the Code of Criminal Procedure ordains that: “A legal presumption relieves him in whose favor it exists from the necessity of any proof; but may none the less be destroyed by rebutting evidence; such is the presumption * * * that the person in the unexplained posses
 
 *845
 
 sion of property recently stolen is the thief.”
 

 The law expressly declares that the unexplained possession of stolen property creates a presumption of the possessor’s guilt. The presumption is one of fact and not of law. The testimony of the sheriff was admissible to show the fact that the defendant when arrested refused to explain his possession of the articles alleged to have been stolen at the time he was charged with the burglary.
 

 The argument of the district attorney was not improper. His remarks did not constitute a comment on defendant’s failure to testify and plainly were not intended as such. It is within the range of legitimate argument for counsel to state and discuss the evidence and all reasonable and legitimate inferences which may be drawn from facts in evidence. And it was certainly legitimate argument for the district attorney to refer to defendant’s unexplained possession of the stolen articles as a circumstance pointing to his guilt under the presumption established by law.
 

 Bill No. 7 was reserved to the refusal of the trial judge to permit defendant to file in evidence on the trial of his motion for a new trial a petition signed by seven of the jurors who sat in the case. The objection made by the district attorney, as shown by the bill, was that the document was ex parte, the signatures were not proved, and that it was irrelevant. Although not mentioned in the bill, the minutes of the trial court show that another objection of the district attorney was that if the signatures were in fact the signatures of the jurors, they could not be heard to impeach their own verdict.
 

 None of the matters set forth in the document are referred to in the motion for a new trial. The document itself is nothing more than a memorial addressed to the trial judge requesting him to grant defendant a new trial for the reasons set forth therein. The document has no official or legal significance and it was properly excluded.
 

 Bill No. 8 was taken to the overruling of a motion for a new trial. The trial judge gives as his reason for denying the motion that the testimony offered by the state amply justified the verdict of the jury. The bill itself does not present anything that is not covered by defendant’s other bills.
 

 For the reasons assigned, the conviction and sentence appealed from are affirmed.
 

 O’NEIL, C. J., dissents from the ruling on bill No. 4.
 

 FOURNET, J., dissents from the ruling on bill of exceptions No. 4.