41 So.2d 458

**STATE v. SHELBY.**

No. 39391.

May 31, 1949.

Warren Hunt and John C. Morris, Jr., Rayville, for defendant and appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Harry N.

Anders, District Atty., Winnsboro, for appellee.

PONDER, Justice.

The defendant was convicted of the crime of simple burglary and sentenced to serve nine years in the Penitentiary. He has appealed from the conviction and sentence.

During the course of the trial three bills of exceptions were taken to the rulings of the trial court. A motion for a new trial and a motion in arrest of judgment were filed by counsel for the defendant after the conviction and before the sentence was imposed.

▇▇▇ Bill of exception No. 1 was taken to the overruling of an objection to the following question propounded to one of the State's witnesses by the district attorney, viz: "In your official capacity as Marshal, were you advised of the recovery of those tires?" This question was asked after the witness had testified that the tires had been recovered of his own knowledge. Counsel for the defendant contends that the question elicited hearsay evidence. The question was answered, "Yes, sir." The question does not seek to elicit any statements made to the witness but merely the fact that he had been advised of the recovery of the property that had been stolen at the time of the burglary. The witness was merely testifying to a fact and it is well settled that such does not constitute hearsay evidence. It has been held

that testimony that certain information was given was original evidence but the information itself would be hearsay. State v. Morgan, 142 La. 755, 77 So. 588. Testimony that certain instructions were given is not considered hearsay evidence. State v. Thomas, 159 La. 1076, 106 So. 570. The testimony of a coroner that the body was identified is not considered hearsay. State v. Scarborough, 167 La. 484, 119 So. 523.

▇▇▇ Bill of exception No. 2 was taken to the overruling of an objection to a question propounded to a State witness by the district attorney, viz.: "On the morning of December 23, 1948, did you have cause to investigate the contents of a black 1941 Plymouth Coach, with Mississippi license 470-207?" Counsel contends that the question was leading and prejudicial to the defendant. A leading question is defined in Article 373 of the Code of Criminal Procedure as one which suggests to the witness the answer he is to deliver. The question does not suggest the answer and it may be answered "Yes" or "No." A question that may be answered "Yes" or "No" is not considered leading. State v. Dundas, 168 La. 95, 121 So. 586.

Bill of exception No. 3 was taken to a portion of the charge given by the trial judge to the jury, viz.:

"If you find that a simple burglary has been committed as charged, and that a theft was committed in connection with said crime, and if you find that property taken from the building at the time of the

burglary was shortly afterward found in possession of the accused, then you are authorized to draw a presumption of guilt of the burglary from such possession. This proposition of law is very well set forth, as; the law presumes guilt from the possession of property recently stolen and not accounted for."

Counsel for the defendant contends that the recent possession of stolen goods does not create a presumption of guilt of the crime of simple burglary. He points out that Article 432 of the Code of Criminal Procedure provides that such possession creates a presumption of theft and contends that such possession does not create a presumption of burglary. The charge given by the trial judge was proper under the evidence in this case because there was no attempt made to explain the possession. It was denied that the defendant had possession of the property at any time. Under the charge it was incumbent upon the State to prove an intent to steal or an intent to commit a forcible felony because simple burglary is an unauthorized entering with such intent. The recent possession of property taken at the time of the burglary creates a presumption that the property was stolen. Such being the case, it would at the same time create a presumption that the defendant was guilty of the burglary because the property was stolen at the time of the unauthorized entering. This Court in the case of State v. Pace, 183 La. 838, 165 So. 6, in discussing

a bill of exception taken to the district attorney's argument to the jury during the trial of a breaking and entering charge, stated that the law expressly declares that the unexplained possession of stolen property creates a presumption of the possessor's guilt.

In the motion for a new trial the defendant alleges that the record contains no evidence of the guilt of the accused in that it was never shown that the accused was within the state or town where the burglary was committed. Counsel contends that the court was without jurisdiction rationae personae and that the venue had not been proven. It is also urged in this motion that it was not shown that the defendant had possession of the stolen property and that the presumption arising from possession was not applicable to this case. The evidence shows that the store was burglarized at Delhi some time during the night. Early in the morning, just before daylight, two officers saw a car parked on the streets of Jackson, Mississippi, seventy-five miles away, which attracted their attention because it was overheated. When the officers approached the car the defendant and another party, standing across the street, fled. Upon examination, the stolen merchandise was found in the car. The car was identified as being the property of the defendant. It is only when there is no evidence produced to prove a charge that this Court will disturb the verdict of jury. We cannot consider the sufficiency of the

evidence if there is any evidence tending to prove the charge.

The motion in arrest of judgment is directed at the overruling of a motion for a new trial and the assertion that the record presents errors patent on its face without pointing out what those errors are. We have examined the record and do not find any error and the evidence cannot be considered under this motion.

For the reasons assigned, the conviction and sentence are affirmed.

O'Niell, C. J., takes no part.