278 So.2d 114 (1973)
STATE of Louisiana
v.
Enoch F. McQUEEN, Jr.
No. 52961.
Supreme Court of Louisiana.
May 7, 1973.
Rehearing Denied June 11, 1973.
*116 Polk, Foote, Randolph, Percy & Ledbetter, Edward G. Randolph, Jr., Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Edwin O. Ware, Dist. Atty., Robert P. Jackson, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Pursuant to a jury trial, defendant was convicted of the simple burglary of a building in Pineville, Louisiana (R.S. 14:62) and was sentenced to serve nine years imprisonment at hard labor. During the proceedings, defendant reserved forty bills of exceptions, which he relies upon in this appeal.
BILLS RESERVED AT THE HEARING ON THE MOTION TO SUPPRESS
During the early morning hours of August 28, 1970, it was reported to the Rapides Parish sheriff's department that six rolls of copper wire, together weighing approximately fifteen hundred pounds, had been stolen from D & E Construction Company in Pineville. This information was immediately dispatched to all patrol units. Deputies Elvin Savage and Louis Robinson received the information and shortly thereafter sighted a white sedan traveling south on the Lake Charles highway near Alexandria. The rear-end of the sedan was observed to be almost dragging *117 the ground, apparently from heavy loading. The deputies began to follow the car which was weaving down the highway. As the deputies approached the car, they noticed that there was no license tag on the automobile. The deputies stopped the car for questioning. As the deputies approached the car, they noticed that there was no current inspection sticker on the car.
One of the deputies immediately recognized the driver of the automobile, defendant McQueen, as a convicted felon. The deputies questioned McQueen about the overloaded condition of the car. He explained that he was carrying an old engine head and a "spare tire and stuff" in the trunk of the car. The deputies noticed that a spare tire, jack and lug wrench were on the floor behind the front seat of the car. McQueen either could not or would not open the trunk of the car upon the request of the deputies. He was also unable to produce proof of ownership of the car.
After communicating with the sheriff's office, the occupants of the car were formally arrested.[1] Although the officers had not told defendant that he was under arrest prior to their communication with the sheriff's office, their testimony at the hearing indicates that defendant was under arrest prior to the communication. C.Cr.P. art. 201. During the communication with their headquarters, the arresting deputies learned that McQueen was a convicted burglar and that a confidential, reliable informer had notified the sheriff's department that McQueen was involved in thefts of copper wire in the Pineville-Alexandria area.
McQueen and his two companions were then transported to jail for booking and a wrecker brought the automobile to the sheriff's office. Shortly after the car arrived at the sheriff's office, a deputy opened the trunk of the car. In the trunk were found the six rolls of stolen copper wire. No warrant was obtained authorizing the search of the car's trunk.
Defendant moved to suppress the evidence obtained pursuant to the search of the trunk of the automobile. Bill of Exceptions No. 4 was reserved to the denial of the motion to suppress.
Defendant contends that the motion to suppress should have been sustained because (1) the search was not made pursuant to a valid arrest and (2) no warrant was obtained authorizing the search of the trunk of the automobile. Defendant's contentions are without merit.
The search and seizure were valid because the arresting officers had probable cause to believe that the car contained contraband or other articles which the officers were entitled to seize. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), State v. Dell, 258 La. 1024, 249 So.2d 118 (1971). When the deputies made the decision to arrest defendant and to search the trunk of the car, they knew that a burglary had recently occurred in the vicinity; that fifteen hundred pounds of copper wire had been stolen during the burglary; that the rear-end of defendant's automobile appeared to be extremely heavily loaded; that defendant was a convicted felon; that defendant's explanation of the articles contained in the trunk was inconsistent with the existence of a spare tire, lug wrench and jack in the back seat of the automobile; and that defendant was either unwilling or unable to open the trunk of the automobile for the officers' inspection.
The officers had probable cause to perform a warrantless search of the automobile while it was still located on the side of the highway. However, they did not possess the necessary equipment to open the trunk of the automobile. Thus, the officers had to decide whether to remain *118 with the automobile until the proper equipment was obtained or to transport the automobile to headquarters immediately. The deputies chose to transport the automobile to their headquarters immediately before making the search. This decision was reasonable and did not invalidate the warrantless search of the automobile. "For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment." Chambers v. Maroney, supra, 399 U.S. at 52, 90 S.Ct. at 1981.
Bill of Exceptions No. 4 is without merit.
Bill of Exceptions No. 10 was reserved when the trial court allowed Chief Deputy Reynolds to testify at the hearing on the motion to suppress concerning information about McQueen's activities which was communicated to him by a confidential informer. It is not necessary to consider this bill. The arresting deputies had probable cause for the search even if the information communicated to them by Chief Deputy Reynolds were disregarded.
Bills of Exceptions Nos. 6, 8 and 9 were reserved at the hearing on the motion to suppress. The bills were reserved during the testimony of certain deputies who arrived at the scene of the arrest after the arrest was made. The critical question at the motion to suppress was whether the arresting officers had probable cause to search. We have found that the arresting officers had probable cause to search based on their own knowledge of defendant and their own observations made immediately prior to the arrest.
Bills of Exceptions Nos. 6, 8 and 9 are without merit.
BILLS RESERVED AT TRIAL
Bill of Exceptions No. 20 was reserved when the State handed to a witness a photograph marked "State 5" and asked him whether or not he recognized the photograph. Defendant objected that the photograph was exposed to the jury before it was admitted into evidence and that the photograph was only derivative evidence. The trial court did not find that the photograph had been exposed to the jury prior to its introduction. The court found that the State was following the proper procedure for having the photograph identified for introduction as evidence. Defendant's argument that the photograph was not the "best evidence" of the fact that the copper wire was found in the trunk of the automobile driven by defendant is also without merit. R.S. 15:436.
Bills of Exceptions Nos. 21 through 25 were reserved during the testimony of Deputy Mount, the officer who opened the trunk of the automobile. Mount's testimony laid the foundation for the introduction of the D & E Construction Company tags found on the rolls of copper wire and the photographs of the trunk and its contents, which photographs were taken shortly after the trunk was opened. Defendant argues that the proper foundation was not laid for the introduction of such evidence and that the tags and photographs were not the "best evidence." Defendant's arguments are without merit.
The proper foundation was established for the introduction of the photographs and tags.
R.S. 15:436 provides:
"The best evidence which from the nature of the case must be supposed to exist, and which is within a party's control, must be produced."
From the nature of this case, the D & E Construction Company tags taken from the rolls of copper wire and the photographs *119 of the trunk of the car and its contents were the "best evidence" of the rolls of the copper wire and their relationship to defendant. The actual copper wire need not have been produced in court because it was extremely heavy and a valuable commodity which need not have been removed from commerce during the pendency of defendant's trial.
Bills of Exceptions Nos. 26 through 30 were reserved during the testimony of Deputies Perry and Cosenza concerning the search of the trunk of the automobile and its contents. Defendant objected that the evidence should not be admitted because it was the fruit of an illegal search; that the proper foundation had not been laid for the testimony; and that the testimony was not the "best evidence." Defendant's arguments are without merit.
At the hearing on the motion to suppress, it was determined that the evidence was legally obtained. The proper procedure for introducing the physical evidence was followed. The testimony of the deputies concerning their activities and findings while searching the trunk of the car was the "best evidence" of such activities.
Bill of Exceptions No. 36 was reserved when the trial judge charged the jury as follows:
"There are certain presumptions in effect in the State, one of which is: A person in the unexplained possession of recently stolen property is presumed to be the thief. If you find that this property was stolen in a burglary, then the unexplained possession of this property would create a presumption that the possessor is guilty of burglary."
The statutory basis of the charge is R.S. 15:432 (1950). We have approved this statutory presumption in State v. Braxton, 257 La. 183, 241 So.2d 763 (1970); State v. Giles, 253 La. 533, 218 So.2d 585 (1969); State v. Odom, 247 La. 62, 169 So.2d 909 (1965); State v. White, 247 La. 19, 169 So.3d 894 (1965); State v. Pace, 183 La. 838, 165 So. 6 (1936) and State v. Stickney, 167 La. 1050, 120 So. 853 (1929).
Defendant contends, however, that the statutory presumption unlawfully impinges upon his constitutional right to be presumed innocent until convicted and his constitutional right against self-incrimination.
Defendant's contentions are without merit.
The test for determining the constitutionality of statutory presumptions was recently reiterated in Leary v. United States, 395 U.S. 6, 36, 89 S.Ct. 1532, 1548, 23 L.Ed.2d 57 (1969), where the court held that: "A criminal statutory presumption must be regarded as `irrational' or `arbitrary,' and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." This test was again applied by the court in Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). In both Leary and Turner, the statutory presumption at issue was "whenever on trial for a violation of this section (21 U.S.C. § 174) the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury." In Leary, defendant was charged with knowingly possessing illegally imported marijuana. The statutory presumption as applied to marijuana was declared to be unconstitutional because the proven fact of the possession of marijuana did not "more likely than not" mean that the marijuana was illegally imported into the United States. The marijuana could just as easily have been grown in the United States.
In Turner, the defendant was charged with the knowing possession of illegally imported heroin and cocaine. The court *120 upheld the rationality and, thus, the constitutionality of the statutory presumption as it related to the charge of possessing illegally imported heroin because "more likely than not" the heroin was produced in another country. As to the cocaine, however, the presumption was found to be irrational and unconstitutional because the cocaine could just as likely have been produced in the United States.
An analogous statutory presumption to that found in the instant case was involved in United States v. Johnson, 140 U.S.App. D.C., 433 F.2d 1160 (1970). In Johnson, the jury instruction was as follows:
"If you find beyond a reasonable doubt that the Defendant was in exclusive possession of property of the complainant, and that this property had recently been stolen, and the Defendant's possession of the property on the date in question and under the circumstances in question has not been satisfactorily explained, then you may if you see fit to do so infer therefrom that the Defendant is guilty of larceny or guilty of unauthorized use of a motor vehicle, or both. You are not required to so infer but you may do so if you deem it appropriate."
The court held that the presumption was rational, thus constitutional; that the presumption did not deny the defendant due process; and that the presumption was not an unconstitutional comment on the exercise of defendant's right against self-incrimination.
The statutory presumption upon which the jury charge was based in the instant case is rational, and, thus, constitutional. "More likely than not" a person in the unexplained possession of recently stolen property is the thief. The presumption does not impinge upon defendant's presumption of innocence or defendant's right against self-incrimination. Bill of Exceptions No. 36 is without merit.
Bill of Exceptions No. 37 was reserved when defendant's motion for a new trial was denied. The motion for new trial was based on defendant's contention that his conviction was contrary to the law and the evidence, in that all the evidence of defendant's guilt was inadmissible because it was the fruit of an illegal search. Defendant's contentions are without merit. The evidence was obtained pursuant to a valid search. There is certainly sufficient evidence in the record to support defendant's conviction.
No other bills were urged before this court. However, we have examined the remaining bills and have found them to be without merit.
For the reasons assigned, the defendant's conviction and sentence are affirmed.
BARHAM, J., dissents with reasons.
BARHAM, Justice (dissenting).
The basis for the arrest and incidental search stated by the majority is as follows:
"* * * When the deputies made the decision to arrest defendant and to search the trunk of the car, they knew that a burglary had recently occurred in the vicinity; that fifteen hundred pounds of copper wire had been stolen during the burglary; that the rear-end of defendant's automobile appeared to be extremely heavily loaded; that defendant was a convicted felon; that defendant's explanation of the articles contained in the trunk was inconsistent with the existence of a spare tire, lug wrench and jack in the back seat of the automobile; and that defendant was either unwilling or unable to open the trunk of the automobile for the officers' inspection." (Emphasis supplied.)
According to the majority, these facts supply the probable cause for arrest and search and seizure. I wonder what effect the fact that defendant was a convicted felon had upon the warrantless arrest and search and seizure. Would I or other individuals who had not been convicted of felonies have been subjected to arrest and *121 search and seizure on the facts recited? I do not believe so. Neither do I believe that a former convict has different standing as regards arrest from one who has not been convicted or at least one who, so far as the officers know, has not been convicted. I am not of the opinion that exconvicts have different constitutional rights after they have served their sentences in relation to arrest and Fourth Amendment rights. The facts stated are not sufficient for probable cause for arrest, and the incidental search is unconstitutional.
I respectfully dissent.
NOTES
[1] Defendant McQueen and his male companion were arrested for burglary. The female occupant of the automobile was arrested for carrying a concealed weapon.