DIXON, Justice.
Defendants were arrested on November 30, 1971 and charged with the October 4 burglary of the apartment of Madis Flem-ming located at 3415 Pleasure Street, New Orleans. At trial the State introduced evidence to show that the apartment had been forcibly entered without the permission of Madis Flemming. The State also offered the testimony of Ann Shaw, a resident of the building. She testified that she saw the defendants leaving the building a few minutes after defendant, Barbara George, had asked whether anyone was home in the apartment. The witness testified that the defendant, Arnold Smith, was carrying something under a pink blanket as they left the building. A TV and a pink bedspread were missing from the victim’s apartment. *292 This witness identified both defendants from the witness stand as the persons she saw leaving the building on the day of the burglary. The jury returned a verdict of guilty of simple burglary for both defendants.
During the trial the defense counsel reserved one bill of exceptions. This bill forms the sole basis of this appeal. While investigating the burglary, Officer Johnston of the New Orleans Police Department showed Ann Shaw a set of six photographs of possible suspects. The witness identified Arnold Smith as one of the burglars. While Officer Johnston was being questioned concerning the photographs, the following exchange occurred:
“EXAMINATION BY MR. CULLEN (DA):
“Q. Officer Johnston, were these pictures signed and dated in your presence ?
“A. Yes.
“Q. Why did you include the photograph of Arnold Smith in the ones that you brought?
“BY MR. GREENBAUM:
“Objection.
“BY THE COURT:
“Lay a predicate for that. What other photographs were included ?
“BY THE WITNESS:
“Six photographs of males were included for identification.
“BY THE COURT:
“Do you know their names ?
“BY THE WITNESS:
“No.
“BY THE COURT:
“Did you specifically include one photograph among that group ?
“BY THE WITNESS:
“Yes, I did.
“BY THE COURT:
“Whose photograph was it ?
“BY THE WITNESS:
“Arnold Smith.
“BY MR. GREENBAUM:
“Objection.
“BY THE COURT:
“He can testify what he did.”
The defense attorney then reserved a bill of exceptions.
In brief defendant argues that the court prejudiced the defendant by asking if the officer specifically included a certain picture among the group. Defendant contends that this question showed the jury that the police officer had some reason to believe that the defendant, Arnold Smith, was involved in the crime. The exception is without merit. The question was asked in order to allow the officer to testify that the picture of the defendant was included in the group shown to Ann Shaw. The jury was not informed about any prior record of the defendant. The trial judge merely elicited information from the officer concerning the steps taken in the investigation. The testimony was relevant and was within the personal knowledge of the witness.
Defendant also complains of the State’s failure to introduce into evidence the pictures shown to Ann Shaw. Although defendant never objected to this failure he now argues that the “best evidence” of the pictures shown to the witness are the pictures themselves. The suggested conclusion is that the officer should not have been allowed to testify that the defendant’s picture was included in the group, and that the jury should have been shown the pictures to determine for itself whether the picture of the defendant was *293 included. This argument is without merit. The testimony of the officer concerning the steps he took in the investigation (including the fact that he put a photograph of the defendant in the group shown to the witness) was the “best evidence” of what the officer did. State v. McQueen, 278 So.2d 114, 119 (La.1973). The defense attorney had access to these photographs. If there had been a discrepancy between the pictures and the testimony, the defense attorney could have easily pointed this out to the jury.
The convictions and sentences of the defendants are affirmed.