339 So.2d 1 (1976)
STATE of Louisiana
v.
William WINGERTER and Elizabeth Wingerter.
No. 58094.
Supreme Court of Louisiana.
October 6, 1976.
Dissenting Opinion November 22, 1976.
*2 Ronald S. Ruiz, New Orleans, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendants William and Elizabeth Wingerter were charged by bill of information with simple burglary in violation of La.R.S. 14:62. Defendants were tried jointly on November 25, 1975. Elizabeth Wingerter was found guilty as charged. William Wingerter was found guilty of attempted simple burglary, a responsive verdict. Subsequently Elizabeth Wingerter was sentenced to serve six years at hard labor. A bill of information was filed by the district attorney's office charging William Wingerter as a quadruple offender pursuant to La.R.S. 15:519.1. The court found him guilty as charged and sentenced him to serve thirty years at hard labor.
On appeal defendants assert six assignments of error, two of which we find to present reversible merit.
During voir dire examination of prospective jurors the assistant district attorney was allowed, over defendants' objection, to address the jury as follows:
"BY [ASSISTANT DISTRICT ATTORNEY]:
"There's a presumption in the law, in addition to the fact that these two people are presumed innocent, as you well know, just like any other defendant that's come into a court of law. Side by side with that in our law there's a presumption in our law which says a person who is found in possession of property recently stolen O.K.in the unexplained possession that person is presumed to be a thief. Alright, the person who is found in possession of property, and that property is proved to have been recently stolen, and that person cannot explain why he or she has that property, then that person is believed or presumed to be the thief. That presumption, ladies and gentlemen is just as strongjust as strong as the presumption that these two people are innocent. Under our Louisiana law, an outgrowth of that presumption has been the presumption that a person who is found in possession of property that has been recently taken in a burglary, that person and they don't explain, it's unexplained, that person, whether it be he or she is presumed to be the burglar. O.K. It's an outgrowth of the law itself, something that has come down from our courts, and, it's very important, you can see in this trial, a person that's found in the possession of property, and that property is shown to have been taken in a burglary, stolen in a burglaryand that person doesn't explain how he or she has that propertywhere they got it, then you can presume as a juror that that person whether it be he or she was the burglaractually burglarized the house and took the property. Does everyone understand that? It's extremely important."
At the close of the evidence, over defendants' objection, the trial judge gave the jury the following instruction:
"There are several presumptions in the law of Louisiana, found in Article 432, among of which are in the words of the statute, as follows:
"`A legal presumption relieves him in whose favor it exists from the necessity of any proof; but may none the less be destroyed by rebutting evidence, such is the presumption is that the defendant is presumed innocent; that the person in *3 the unexplained possession of property recently stolen is the thief.' In construing this presumption, the Louisiana Supreme Court, as the State had charged, in these words, `there are certain presumptions in effect on the State, one of which is if a person in the unexplained possession of recently stolen property is presumed to be the thief.'
"If you find that this property was stolen in the burglary, then the unexplained possession of this property created a presumption that the possessor is guilty of the burglary."
For the reasons this day assigned in State v. Searle, 339 So.2d 1194 (La.1976) the assistant district attorney's remarks and the jury instructions not only exceeded that authorized by statute but also were unconstitutional in that they required the jury to draw an inference, i. e., that the defendants committed all essential elements of the crime of burglary, which reasonable minds could not infer beyond a reasonable doubt solely from the defendants' unexplained possession of property stolen in the burglary. Additionally, the assistant district attorney's remarks constituted reversible error because a criminal presumption against the defendant relating to an essential element of the crime charged can never be "as strong as" the presumption of innocence which the prosecution is required to overcome by proof beyond a reasonable doubt. La.Const.1974, Art. I, § 16; In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). A presumption or inference against the defendant arising out of the exclusive and unexplained possession of recently stolen property, even if properly established, cannot shift the ultimate burden of persuasion upon an essential element of the crime to the defendant. La.Const.1974, Art. I, §§ 2, 13, 16; Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).
For the foregoing reasons, the convictions and sentences of the defendants are reversed and their case remanded for new trial or further proceedings consistent with the view expressed herein.
Reversed and remanded for new trial.
SUMMERS and MARCUS, JJ., dissent.
SANDERS, C. J., dissents and will assign written reasons.
SANDERS, Chief Justice (dissenting).
I dissent for the reasons assigned in State v. Searle, La., 339 So.2d 1194 (1976).