341 So.2d 1118 (1977)
STATE of Louisiana
v.
Webster L. JAMERSON.
No. 58484.
Supreme Court of Louisiana.
January 24, 1977.
*1119 James B. Gardner, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Stephen A. Glassell, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
In a bill of information filed February 9, 1976 the District Attorney of Caddo Parish charged that Webster L. Jamerson committed aggravated burglary on January 16, 1976, as set forth in Article 60 of the Criminal Code. The bill alleged that, with intent to commit a felony and theft therein, he made an unauthorized entry of an inhabited dwelling at 1246 Oakland Street, Shreveport, the residence of Betty Jean Gilbert, and while there armed himself with a dangerous weapon.
In a jury trial Jamerson was convicted as charged. Charged thereafter as a multiple offender, he was sentenced to eighteen years at hard labor.
On this appeal Jamerson contends there was no evidence to prove that he entered the Gilbert residence at 1246 Oakland Street, or that he armed himself with a rifle there or removed a rifle from that residence, facts bearing on essential elements of the crime and defendant's guilt or innocence.

I.
Although assignments of error were filed in keeping with these contentions on appeal, no motion for a new trial was made in the trial court.
For errors to be included in the assignment of errors reviewable on appeal, the requisite procedures prescribed in Articles 841, 842, 844, 845, 851 and 859 of the Code of Criminal Procedure must have been followed. See Comments, La.Code Crim. Pro. art. 920.
In the context of this case, where the issue raised on appeal is the total lack of evidence of the crime charged or an essential element thereof, a motion for a new trial must be made setting forth the essential element or elements of the crime which are not supported by any evidence. La.Code Crim.Pro. arts. 851-58. When this is done a question of law is presented if there is no evidence of the crime or an essential element thereof. For our law does not permit a conviction when there is no evidence to prove the crime or an essential element thereof.
*1120 As a general rule, a motion for a new trial is unnecessary to present a ruling for appellate review which has been objected to in the trial court. However, the motion for a new trial, based upon a total lack of evidence of the crime or an element thereof, is provided to permit appellate review of that issue. Without a denial of such a motion there is no objection, ruling or other basis which would enable a trial judge to correct the defense complaint of no evidence by granting a new trial. In effect, without an erroneous ruling on the motion for a new trial, there is no error presenting a question of law on appeal. And it is fundamental that this Court's jurisdiction on appeal is limited to questions of law. La.Const. art. 5, § 5(C) (1974); State v. Ackal, 290 So.2d 882 (La.1974); State v. Burgy, 320 So.2d 175 (La.1975); State v. Celestine, 320 So.2d 161 (La.1975). See also State v. Skelton, 340 So.2d 256 (La.1976). These are predicates to the granting of a motion for a new trial, which on appeal can only be granted on questions of law. La. Code Crim.Pro. art. 858. This Court will not indulge in the presumption that a motion for a new trial would have been denied by the trial judge.
While this Court may review errors discoverable by a mere inspection of the pleadings and proceedings, not ruled on in the trial court, the issue raised by these assignments does not fall into this category. La.Code Crim.Pro. art. 920(2)[1]. The authority for reviewing errors patent on the face of the record does not apply to those errors requiring an "inspection of the evidence". Ibid. In the case at bar an inspection of the evidence would be necessary to answer the defense contention.
This assignment is not properly presented.

II.
For the first time in brief, defense counsel claims error in the trial judge's charge to the jury because the trial judge instructed that "the person in the unexplained possession of property recently stolen is the thief." La.Rev.Stat. 15:432. Such a charge, the defense contends, is improper and reversible under the recent decision of this Court in State v. Searle, 339 So.2d 1194 (La.1976).
Aside from the fact that no contemporaneous objection was made to this portion of the charge, La.Code Crim.Pro. art. 841, the trial judge did not charge that one in the unexplained possession of recently burglarized property is presumed to be the burglar as the judge did in State v. Searle. The charge in the case at bar merely recited.the pertinent portion of Section 432 of Title 15 of the Revised Statutes defining legal presumptions, stating one such presumption to be that the person in the unexplained possession of stolen property is the thief.
Such an instruction is not contrary to this Court's majority opinion in State v. Searle, as the defense contends. There the majority of this Court overruled State v. McQueen, 278 So.2d 114 (La.1973) a decision which had approved a jury charge in a burglary prosecution to the effect that a person in the unexplained possession of stolen property is presumed to be the burglar. The case did not hold that the person in the unexplained possession of stolen property could not be presumed to be the thief as Section 432 declares. Therefore, the defense contention that the charge in this case was erroneous is not well-founded.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs.
NOTES
[1] La.Code Crim.Pro. art. 920(2)

"The following matters and no others shall be considered on appeal:
"(2) Any error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."