363 So.2d 479 (1978)
STATE of Louisiana
v.
Frank SPEARS and Weaver Goodson.
No. 61886.
Supreme Court of Louisiana.
October 9, 1978.
John M. Blanchard, Orleans Indigent Defender Program, New Orleans, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Frank Spears and Weaver Goodson were charged in the same information with simple burglary in violation of La.R.S. 14:62. After trial by jury, defendants were found guilty as charged. Thereafter, the state filed separate informations accusing each defendant of being an habitual offender under La.R.S. 15:529.1. After a hearing, the trial judge found both defendants to be habitual offenders and sentenced each to serve eighteen years at hard labor. On appeal, defendants rely on five assignments of error for reversal of their convictions and *480 sentences. Because we find merit in the first assigned error, we need not consider the remaining four.
During voir dire examination, the following colloquy took place between the trial judge and a prospective juror (Mr. Sullivan) in the presence of the other jurors already selected:
BY MR. SULLIVAN:
What does the law read on unexplained possession of stolen merchandise?
BY THE COURT:
That is the law and you have to follow it. In other words, a person in the possession of recently stolen property, unexplained possession of the recently stolen property is presumed to be the thief. The burden shifts.
BY MR. SULLIVAN:
All right, I agree with that.
BY THE COURT:
The Supreme Court extenuated [sic] that definition of law to a person in possession in the unexplained possession of recently stolen property is presumed to be the burglar.
BY MR. SULLIVAN:
Right.
Selection of the jury was completed. Thereupon, on motion of defendants, the court ordered the jury removed from the courtroom. Defendants then moved for a mistrial on the ground that the court erred in instructing the jurors that a person in the unexplained possession of recently stolen property is presumed to be the burglar. The trial judge denied the motion. Defendants objected to this ruling.
Defendants contend that the aforesaid instruction to the jury by the trial judge constituted reversible error. They argue that under our recent decision in State v. Searle, 339 So.2d 1194 (La.1976) (on rehearing), the instruction violated the state and federal constitutional requirement that the state prove its case against defendant beyond a reasonable doubt. See also State v. Wingerter, 339 So.2d 1 (La.1976).
La.R.S. 15:432 provides in pertinent part:
A legal presumption relieves him in whose favor it exists from the necessity of any proof; but may none the less be destroyed by rebutting evidence; such is the presumption . . . that the person in the unexplained possession of property recently stolen is the thief; . . . .
Prior to our recent decision in State v. Searle, supra, this court had judicially extended the above statutory presumption to apply to the crime of simple burglary. State v. McQueen, 278 So.2d 114 (La.1973); State v. Shelby, 215 La. 637, 41 So.2d 458 (1949); State v. Pace, 183 La. 838,165 So. 6 (1935). However, in Searle, where the jury was similarly instructed in a case involving a charge of simple burglary that a defendant found in the unexplained possession of property recently stolen at the time of a burglary was presumed to have committed the burglary, we held that the judicial extension of the statutory presumption to the crime of simple burglary was "unconstitutional, unwise and must be overruled." Accordingly, defendant's conviction was reversed. See also State v. Wingerter, supra.
The instant case was tried on October 2, 1974, prior to our decision in Searle (May 17, 1976). The charge was simple burglary. The complained of instruction by the trial judge to the jury was that a person in the unexplained possession of recently stolen property was presumed to be the burglar. The alleged error is identical to the one which we found to be reversible in Searle. There is no contention to the contrary. However, the state argues that, since the trial and convictions involved herein took place prior to our decision in Searle and the trial judge's instruction comported with the jurisprudence then in effect, we should give prospective application only to the Searle decision.
This case is before us on direct appeal. The convictions were not final prior to our decision in Searle. Moreover, defendants timely asserted their objection to the instruction complained of. Accordingly, we feel constrained to apply our decision in Searle to those cases not yet final prior to *481 that decision where timely objection has been made. Hence, defendants' convictions and sentences must be reversed.

DECREE
For the reasons assigned, the convictions and sentences are reversed and set aside and the case is remanded to the district court for a new trial in accordance with the views herein expressed.
SANDERS, C. J., dissents, having dissented in State v. Searle, La., 339 So.2d 1194.
SUMMERS, J., dissents.