371 So.2d 1309 (1978)
STATE of Louisiana
v.
Aubrey BERGERON.
No. 60820.
Supreme Court of Louisiana.
May 31, 1978.
On Rehearing April 9, 1979.
*1310 John M. Lawrence, Orleans Indigent Defender Program, George M. Strickler, Jr., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Affirmed.

ON REHEARING
DIXON, Justice.
Aubrey Bergeron and Frederick Stanley were charged in the same information with simple burglary in violation of R.S. 14:62. On April 6, 1976, after trial by jury, both defendants were found guilty as charged. Thereafter, the trial court denied a motion for a new trial and sentenced Stanley to serve five years at hard labor in the custody of the Department of Corrections. Bergeron was adjudged a triple offender and sentenced to serve fifteen years at hard labor in the custody of the Department of Corrections. Both defendants appealed, but Stanley's appeal was later dismissed at his own written request. Bergeron's conviction and sentence were affirmed on May 31, 1978 by per curiam opinion. Subsequently, Bergeron applied for rehearing, which was granted.
Between 6:00 p.m. April 5 and 2:30 a.m. April 6, 1975, a residence on Banks Street in New Orleans was burglarized. Just after midnight of that same evening, police officers stopped a vehicle in New Orleans for a traffic violation. The driver of that vehicle was Stanley, and the passenger was Bergeron. Stanley was issued traffic tickets for running a stop sign and having an obstructed rear windshield. (The trunk lid was open to accommodate a large console television). The car was impounded because it was not registered in either Bergeron or Stanley's name, but neither Bergeron nor Stanley was arrested. However, when the impounded vehicle was inventoried, most of the items taken in the burglary on Banks Street were found, and the defendants were subsequently arrested and charged with simple burglary. R.S. 14:62.
On rehearing, the defense contends that the presumption that a defendant found in unexplained possession of property recently stolen in a burglary is the burglar was unconstitutionally applied at defendant's trial to convict him of simple burglary without evidence on the essential elements of the crime. In effect, the defense argues that although the state proved that there was a burglary and that Bergeron was a passenger in a vehicle where stolen goods were found, there was no proof that Bergeron made an unauthorized entry into the Banks Street dwelling with the intent to commit a felony or any theft therein.
At the time of defendant's trial and before our recent decision in State v. Searle, 339 So.2d 1194 (La.1976) (on rehearing), this court had permitted the extension of the statutory presumption of R.S. 15:432 (that the person in the unexplained possession of property recently stolen is the thief) to apply to the crime of simple burglary. State v. McQueen, 278 So.2d 114 (La.1973); State v. Shelby, 215 La. 637, 41 So.2d 458 (1949); State v. Pace, 183 La. 838, 165 So. 6 (1935). However, in Searle this court held that the judicially created presumption that a defendant found in possession of property recently stolen in a burglary is presumed to have committed the burglary was "unconstitutional, *1311 unwise and must be overruled." In so finding this court stated, at 339 So.2d 1202:
"It is now clear that the due process requirement of the federal constitution obliges the prosecution to prove beyond a reasonable doubt every fact necessary to constitute the crime charged. In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and that, accordingly, a state may not shift the burden of ultimate persuasion of an essential element of the crime charged to the defendant in a criminal case. Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975)."
See also, State v. Wingerter, 339 So.2d 1 (La.1976).[1] We have applied Searle and Wingerter to reverse convictions when this judicially extended presumption was used in lieu of an essential element of the crime.[2] See State v. McGhee, 350 So.2d 370 (La.1977); State v. Montoya, 340 So.2d 557 (La.1976).
In the instant case, in its closing argument, the state communicated this presumption to the trier of fact:
". . . There's no doubt that a burglary had been committed. Now, the key question in this case is did these two defendants do it? That's the key question. And we have shown to you, beyond a reasonable doubt, that indeed they did do it.
Let's go through the evidence on that key question. You remember that when Mr. Robinson questioned you here about your qualifications to be a juror, he said there's a presumption in law that anyone in the unexplained possession of recently stolen goods is considered to be the burglar. That's what these two defendants were. . . . these two defendants were stopped . . . driving along in a car which had all of those stolen goods which you saw in this picture. In other words, they were in the unexplained possession of recently stolen property. That's a presumption in law which you all took an oath that you would uphold that presumption today. . . . The stuff has been taken from a home. The stuff is found in the possession of the two defendants. You remember that the officers were asked: Was there any explanation given as to how they got those goods? No explanation was given. Throughout this trial, no explanation has been given as to how these two defendants *1312 got those goods, and you know why? It's as simple as common sense. It's as simple as that presumption. Because if you're in the possession of recently stolen goods, you're the burglar, and a burglary has been committed, and there can be no explanation of how they came into those goods except for the fact that they broke into that home at 2654 Banks Street; . . ."
The trial judge also charged the jurors, in effect, that if the state proved beyond a reasonable doubt that the defendants were in the unexplained possession of recently burglarized property, the jury must presume that the defendants committed the burglary.
Although the record indicates that the state proved that a burglary occurred at the Banks Street dwelling, that Bergeron and Stanley were found in a vehicle with the recently stolen items from that burglary, and that no explanation was given for this possession, the record does not contain any evidence that Bergeron made the unauthorized entry into the dwelling with the intent to commit a theft or felony, nor that he stole the property. Instead, the state relied on the presumption to convict Bergeron of simple burglary, without proving all the essential elements of the crime.
Citing the original hearing of Searle, the state argues that during the instant trial this presumption was valid and approved by this court. The instant case was tried on April 6, 1976, before our Searle decision was rendered on rehearing on October 6, 1976.
In State v. Searle we decided, as we had indicated in State v. Kaufman, 278 So.2d 86 (La.1973), that the broadening of the presumption of theft into a presumption of guilt in a trial for a greater crime, which includes the theft, violates due process by relieving the state of the necessity for producing any evidence of essential elements of the offense (to say nothing of the damage to the presumption of innocence and the burden of ultimate persuasion). In State v. Spears, 363 So.2d 479 (La.1978), we considered the rule of the Searle case so basically important to constitutional requirements for a just trial that it must at least be applied to cases not final when Searle was decided. (Spears had been tried on October 2, 1974).
The state argues, further, that the defense in the present case made no contemporaneous objections during the voir dire examination, closing arguments, or the trial court's charges to the jury and, thus, the defense contention of total lack of evidence on all essential elements of the crime charged was waived because it was never properly presented to the trial court. Although defense did not contemporaneously object, a motion for a new trial was filed, and the trial court was afforded the opportunity to correct the defense complaint of no evidence by granting a new trial. In State v. Cobbs, 350 So.2d 168, 174 (La.1977), similar to the instant case, the defendant raised the same Searle issue by alleging that the state failed to offer evidence of every essential element of the crime of simple burglary and that the only evidence used to find defendant guilty of burglary was this presumption. In response, this court noted that only when the defendant has moved for a judgment of acquittal, C.Cr.P. 778, or for a new trial, C.Cr.P. 851, based on the lack of evidence of some essential element of the crime charged is a question of law presented for this court to review.[3] See also, State v. Jamerson, 341 So.2d 1118 (La.1977); State v. Alexander, 339 So.2d 818 (La.1976). A motion for a new trial is proper to raise this issue of no evidence of an essential element and to preserve it for appellate review. State v. Jamerson, supra, at 1120.
In the instant case, Bergeron's co-defendant, Stanley, filed a written motion for a new trial, styled State of Louisiana v. Frederick Stanley et al. The court minutes do not clearly reflect whether Bergeron was *1313 present at the hearing on this motion, but a lawyer for Bergeron appeared on the day the motion was tried and filed a motion to quash a multiple bill on behalf of Bergeron. However, C.Cr.P. 842 provides:
"If an objection has been made when more than one defendant is on trial, it shall be presumed, unless the contrary appears, that the objection has been made by all the defendants."
See State v. Jackson, 358 So.2d 1263, 1265 (La.1978); State v. Trass, 347 So.2d 1156, 1158 (La.1977). By analogy, the provision of C.Cr.P. 842 should be extended to written motions by a co-defendant.
Finally, the state objects that the motion for a new trial does not specifically allege that there was no evidence of an essential element of the crime charged and consequently the issue is not before us.[4] Although the exact words were not used, the trial court could not have misconstrued what the defense argument was in its motion for a new trial; the same contentions had been argued by the defense in its closing arguments.[5] We find the issue was preserved by the motion for a new trial and is properly before us.[6]
Finding that the state failed to present evidence on essential elements of the crime charged, we conclude that the defendant's conviction must be reversed. Moreover, the United States Supreme Court has held that the double jeopardy clause of the Fifth Amendment (which is applicable through the Fourteenth Amendment to state criminal trials, Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)) precludes a second trial once the reviewing court has found a total absence of evidence as to an essential element of the crime charged. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); see also, State v. Thompson, 366 So.2d 1291 (La.1978) and State v. Liggett, 363 So.2d 1184 (La.1978). Accordingly, the defendant cannot be tried again for this offense.
For these reasons, defendant's conviction and sentence are reversed and set aside and he is ordered discharged.
NOTES
[1] In Wingerter, supra, 339 So.2d at 3, we reasoned:

"For the reasons this day assigned in State v. Searle, 339 So.2d 1194 (La.1976), the assistant district attorney's remarks and the jury instructions not only exceeded that authorized by statute but also were unconstitutional in that they required the jury to draw an inference, i.e., that the defendants committed all essential elements of the crime of burglary, which reasonable minds could not infer beyond a reasonable doubt solely from the defendants' unexplained possession of property stolen in the burglary. . . .
A presumption or inference against the defendant arising out of the exclusive and unexplained possession of recently stolen property, even if properly established, cannot shift the ultimate burden of persuasion upon an essential element of the crime to the defendant. La.Const. 1974, Art. 1, §§ 2, 13, 16; Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975)."
[2] Concerning this presumption and the essential elements of burglary, we noted in Searle:

". . . In order to prove the crime of burglary the State is required to prove beyond a reasonable doubt that the culprit made an unauthorized entry of a structure with the intent to commit a theft or a felony. See La.R.S. 14:60, 14:62. Thus, the essential question presented is whether or not reasonable minds could, after finding beyond a reasonable doubt from the evidence that a person was in the possession of recently burglarized property, infer in the absence of any other evidence that beyond a reasonable doubt that person made an unauthorized entry of the structure from which the property was taken with an intention to commit a theft or felony. In the absence of a demonstration by the prosecution with empirical evidence that the presumption is permissible,. . . the question must be answered in the negative. Aside from the obvious possibility that the person in possession of the property may have received it from a third person, either with or without knowledge it had been stolen, there is the additional possibility that, if the same person made an entry of the structure, he did not do so without authorization, and finally there is the possibility, albeit slight, that if he made an unauthorized entry he did not have the intent to commit a theft or felony when he entered. . . ." 339 So.2d at 1206.
[3] In Cobbs, supra, although the Searle contention was not properly raised because the defendant did not move for either relief, we also noted that the state had offered some evidence of every essential element of the crime because the defendant's confession to the burglary was properly admitted into evidence.
[4] The motion for a new trial alleged in relevant part:

"The verdict is contrary to the law . . . [and] the evidence [in] that the legal proposition espoused by the State that the person in the unexplained possession of recently stolen property is presumed to be the burglar is invalid, incorrect and incongruous with the law."
[5] In closing argument the defense argued that the state had not proved beyond a reasonable doubt every fact necessary to constitute the crime of simple burglary and that there was no evidence of an essential element of the crime. The author of the motion for a new trial argued:

"Simple burglary is the unauthorized entering of any dwelling. Have they proved to you any evidence whatsoever which would place Mr. Stanley in that house some time from the time of 6 o'clock in the evening until the time . . . time they were stopped . . .? Where was Mr. Stanley during that period of time? We do now know. It is not incumbent upon the defense, in a criminal trial, to produce evidence to you which would explain to you where Mr. Stanley has been. We merelythe State has the burden of proof. In shouldering this burden of proof, they must prove to you beyond any reasonable doubt, that is, a doubt with a reason, that Mr. Stanley unauthorizedly entered the premises on Banks Street. What shred of evidence do we have? . . ."
Bergeron's counsel also argued no evidence of the essential element in her closing argument:
"I agree with counsel for the State that a burglary has been committed. There is absolutely no doubt about it. I have no reason to doubt Mr. Clark that his home was broken into, but I cannot see for the life of me where this man (indicating Mr. Bergeron) did it. I cannot see for the life of me where he had no authorization to enter, where he broke the lock, where he committed a theft therein. . . ."
[6] Because we find merit in this first assignment of error, we need not discuss defense argument that this presumption created an unconstitutional inference because the jury was not adequately instructed that the defendant need not testify to the circumstances of his possession of the items any more than in the instance of any other circumstantial evidence of guilt, State v. Coleman, 358 So.2d 289 (La.1978); State v. Muse, 363 So.2d 462 (La.1978). We also pretermit discussion of defense contention that Bergeron was illegally sentenced as a multiple offender because the state did not submit sufficient proof to comply with R.S. 15:529.1.