MARCUS, Justice.*
Clarence E. Fournier was charged by bill of information with simple burglary in violation of La.R.S. 14:62. After trial by jury, defendant was found guilty as charged and sentenced to serve nine years at hard labor with credit given for time served. The court expressly directed that the sentence be served consecutively with any sentence imposed on defendant. In this out-of-time appeal, defendant relies on thirteen assignments of error for reversal of his conviction and sentence. Because we find merit in the ninth assigned error, we need not consider the remaining twelve.
Prior to final argument, the state filed a request for a special charge. After a discussion off the record, defendant objected to the special charge. While charging the jury, the trial judge included the special charge requested by the state:
[I]f you find that a simple burglary has been committed as charged, and that a theft was committed in connection with said crime, and if you find that property taken from the building at the time of the burglary was shortly afterward found in possession of the accused, then you are authorized to draw a presumption of guilt of the burglary from such possession. This proposition of law is very well set forth, as the law presumes guilt from the possession of property recently stolen and not accounted for.
After the jury was retired, defendant once again objected to this special charge. Relying on State v. Shelby, 215 La. 637, 41 So.2d 458 (1949), the trial judge overruled the objection. Although the jury had already been charged and retired at the time of defendant’s second objection, the trial judge noted that defendant’s objection was timely based on the procedure followed “by consent in order to save time.” Defendant contends that the above special jury charge by the trial judge constituted reversible error. We agree.
Under La.R.S. 15:432, there is a presumption “that the person in the unexplained possession of property recently stolen is the thief.. . . ” Prior to our decision in State v. Searle, 339 So.2d 1194 (La.1976) (on rehearing), this court had judicially extended this statutory presumption to apply to the crime of simple burglary. State v. McQueen, 278 So.2d 114 (La.1973); State v. Shelby, supra; State v. Pace, 183 La. 838, 165 So. 6 (1935). However, in Searle, where the jury was charged in a case involving a charge of simple burglary that a defendant found in the unexplained possession of property recently stolen at the time of a burglary was presumed to have committed the burglary, we held that the judicial extension of the statutory presumption to the crime of simple burglary was unconstitutional. In State v. Spears, 363 So.2d 479 (La.1978), we held that the rule of Searle was applicable to those cases not yet final prior to that decision where timely objection has been made. See also State v. Bergeron, 371 So.2d 1309 (La.1979) (on rehearing).
The instant case was tried on May 14 and 15, 1973, prior to our decision in Searle. However, this case is now before us as an out-of-time appeal and therefore defendant’s conviction was not final prior to our decision in Searle. The record clearly reflects that defendant timely asserted his objection to the special jury charge. Hence, defendant’s conviction and sentence must be reversed.
DECREE
For the reasons assigned, the conviction and sentence are reversed and the case is remanded to the district court for further proceedings.
CHIASSON, J. ad hoc, dissents for reasons assigned.
COVINGTON, J. ad hoc, dissents for reasons assigned by CHIASSON, J. ad hoc.

 Judges Grover L. Covington, Remy Chiasson and Elmo E. Lear of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Associate Justices Calogero, Marcus, Dennis and Blanche.