**62 So.2d 85**

**STATE v. HUDSON.**

**No. 40807.**

Nov. 10, 1952.

Rehearing Denied Dec. 15, 1952.

Donald C. Dickson, Shreveport, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., J. Reuel Boone, Dist. Atty., Many, and Joe T. Cawthorn, Asst. Counsel, Mansfield, for appellee.

HAMITER, Justice.

In an indictment returned by the Grand Jury of DeSoto Parish, Morris Hudson was charged with having committed, on or about November 1, 1950, "a theft of pine timber of a value of three hundred dollars, belonging to B. F. Thigpen."

Alleging that the indictment was vague and indefinite, the accused moved for a bill of particulars. He prayed that he be informed as to the dates of the commencement and completion of the theft and also as to the description of the lands from which the timber was stolen. The District Attorney, under instructions of the court, answered the motion and furnished the requested information.

Thereafter, the accused was tried by a jury of five, the trial resulting in a verdict reading "We the Jury Find the Defendant Morris Hudson Guilty of Attempted Theft. James W. James, Foreman."

In a motion in arrest of judgment defendant complained that the District Attorney omitted to file a new bill of indictment, or to amend the original one, and include in the charge the information which the court required to be furnished in compliance with the motion for a bill of particulars. Defendant further urged that the verdict of the jury was not responsive to the indictment charging theft, it having failed to disclose the value of any property attempted to be stolen.

The court overruled the motion in arrest of judgment and imposed a jail sentence of nine months.

On this appeal defendant concedes that the transcript contains no formal bills of exceptions. But he argues that there are errors patent on the face of the record, being the two assigned in the motion in arrest of judgment.

We have given consideration to the complaints (above described) and have found them to be without merit.

The original indictment was valid both as to form and substance, and there was no need of amending it or of preparing a new one. For furnishing the information required by the court, so as to set up more specifically the nature of the offense charged, the bill of particulars filed by the District Attorney sufficed. LSA-R.S. 15:235.

The fact that the verdict herein (guilty of attempted theft) failed to disclose the value of the property attempted to be stolen did not render it unresponsive to the indictment charging the defendant with the offense of "theft of pine timber of a value of three hundred dollars." Authority for the verdict so returned is found in LSA-R.S. 15:386, the pertinent portion of which reads:

"Whenever the indictment sets out an offense including other offenses of less magnitude or grade the judge

shall charge the jury the law applicable to all offenses of which the accused could be found guilty under the indictment. The only responsive verdicts which may be rendered, and upon which the judge shall charge the jury, where the indictment charges the following offenses are:

\* \* \* \* \*

*"Theft:*

Guilty of theft of property of ——— dollars value.

*Guilty of attempted theft.*

\* \* \* \* \*

Not guilty." (Emphasis ours.)

For the reasons assigned the verdict and sentence are affirmed.