315 So.2d 301 (1975)
STATE of Louisiana
v.
Muryle WHITE.
No. 55191.
Supreme Court of Louisiana.
January 20, 1975.
On Rehearing June 23, 1975.
Dissenting Opinion July 10, 1975.
*302 James D. Davis, Gold, Hall, Hammill and Little, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., John S. Stephens, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Muryle White was indicted by the grand jury for the theft of property valued at more than $500.00. He was tried by a jury, found guilty of attempted theft and was sentenced to pay a fine of $200.00 and costs and to serve one year in the parish jail. Defendant appeals his conviction and sentence to this court, relying upon two bills of exceptions.

BILL OF EXCEPTIONS NO. 1
Prior to the court charging the jury, defendant objected to the order in which the responsive verdicts for theft were listed, contending that the listing of "not guilty" after the other four responsive verdicts of guilty encourages a jury to compromise on a lesser included offense. In essence, *303 it is argued that the jury of "uninformed bystanders" was given only one choice out of five which involved the freedom of defendant.
First, the order of responsive verdicts on the list given to the jury by the court was in conformity with article 814 of the Louisiana Code of Criminal Procedure.[1] We held in State v. Varice, 292 So.2d 703 (La.1974), a murder prosecution, that the order in which the responsive verdicts appeared on the list given to the jury was not prejudicial to the defendant. Here, as in Varice, no special charge was requested; the responsive verdicts were in the form prescribed by the codal article; the jury was selected and accepted by both the state and defendant and therefore can be assumed to have been composed of intelligent persons.
This bill is without merit.

BILL OF EXCEPTIONS NO. 2
After the jury returned a verdict of attempted theft, defendant, by a motion in arrest of judgment, asserted that the verdict was so defective that it could not form the basis of a valid judgment. It is argued that, under the laws of this state, a sentence which can be imposed for attempted theft is directly related to the amount of the theft. Therefore, since the jury made no determination as to the amount of the attempted theft, no valid sentence can be imposed.
The charge in the indictment is that defendant did "commit theft of property, being an agrichemical herbicide, belonging to Thompson-Hayward Agriculture Chemical Plant, Natchitoches, Natchitoches Parish, Louisiana, valued at more than $500.00." The verdict determined by the jury is: "We, the Jury find the accused guilty of attempted theft."
The argument of defendant is that theft under La.R.S. 14:67 may be either a felony or a misdemeanor, depending on the amount of the misappropriation. The attempt statute, La.R.S. 14:27, provides in pertinent part:
(2) If the offense so attempted is theft or receiving stolen things, and is not punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned for not more than six months, or both. If the offense so attempted is theft or receiving stolen things, and is punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned not more than one year, or both;
Here, the sentence imposed is a fine of $200.00 and costs and one year in the Natchitoches Parish jail. It is thus urged that, without a determination by the jury as to the amount of the property or money which was the subject of the attempted theft, the sentence is invalid.
The fact that a guilty verdict of attempted theft failed to disclose the value of the property that defendant attempted to steal was held in State v. Hudson, 222 La. 14, 62 So.2d 85 (1952) not to render such verdict unresponsive to an indictment charging defendant with the theft of property valued at three hundred dollars under the authority of La.R.S. 15:386. The same provisions are now contained in article 814 of the Louisiana Code of Criminal Procedure. Hence, the verdict rendered herein was responsive to the charge of theft of property valued at more than $500.00. Art. 814, La.Code Crim.P.; State v. Hudson.
Furthermore, it is clear that the jury made a determination as to the amount of the attemped theft. The indictment specifically charges defendant with the theft *304 of property valued at more than $500.00; the verdict was guilty of attempted theft. Therefore, it must be assumed that the verdict found defendant guilty of attempted theft of property in the amount specified in the indictment. Likewise, if the jury had returned verdicts of either "Guilty" or "Guilty of unauthorized use of movables," it would have clearly meant that the jury had found defendant guilty of theft of property or of unauthorized use of movables in the amount specified in the indictment.
The jury, having determined defendant guilty of attempted theft of property valued at more than $500.00, the sentence imposed by the judge was in accordance with the provisions of La.R.S. 14:67 and La. R.S. 14:27.
Hence, the sentence imposed by the court is based upon a valid verdict rendered by the jury. Art. 872, La.Code Crim.P.
Bill of Exceptions No. 2 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.

ON REHEARING
CALOGERO, Justice.
Defendant, Muryl White, was indicted for the crime of theft of property valued at more than $500.00. He was found guilty of attempted theft and sentenced to pay a fine of $200.00 (and costs) and to serve one year in the Natchitoches Parish Jail. On appeal to this Court the conviction and sentence were affirmed.
We granted defendant's application for rehearing to reconsider his argument under Bill No. 2 that the verdict is invalid (or defective) in that it does not support the sentence imposed because it (the verdict) does not specify the value of the property which was the object of the attempted theft. The jury's verdict in this case was "We, the jury, find the accused guilty of attempted theft." That verdict, "guilty of attempted theft," is one of the described responsive verdicts for the charged crime of theft.[1]
Defendant nonetheless contends that under C.Cr.P. Art. 859(5) [2] his Motion in Arrest of Judgment should have been granted for the reasons described hereinbelow.
The penalty for attempted theft depends upon the value of the property which was the object of the attempted theft. R.S. 14:27(D)(2) as amended by Act 471 of 1970, provides:
"If the offense so attempted is theft or receiving stolen things, and is not punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned for not more than six months, or both. If the offense so attempted is theft or receiving stolen things, and is punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned not more than one year, or both." (Emphasis provided).
Theft is punishable as a felony when the property taken has a value of $100.00 or more. It is punishable as a misdemeanor *305 when the property taken has a value under $100.00.[3]
Defendant's position is that until the jury, in finding guilt of attempted theft, makes a factual determination of the value of the property (theft of which has been attempted), the prescribed sentence is not determinable.
The State relies upon State v. Hudson, 222 La. 13, 62 So.2d 85 (1952) wherein it was held that a verdict of guilty of attempted theft need not specify the value of the property which is the object of the attempted theft. However, R.S. 14:27, as it then read, prescribed the same penalty for attempted theft whether the theft attempted would have been a felony or a misdemeanor.[4] Thus a determination of value (prior to Act 471 of 1970) was immaterial.
The appropriate statute governing this case is R.S. 14:27 as amended in 1970. As a result, the rationale of State v. Hudson is no longer applicable.
The instant verdict cannot be the basis for the sentence imposed as it fails to inform the court of the value of the property which is the object of the attempted theft, such value being determinative, under present law, of the prescribed sentence. It cannot properly be inferred that the jury found that value to exceed $100.00. As the fact finder in the case, the jury could have been determining a value of the property in the sum charged in the indictment or in some lesser sum, including a sum less than $100.00. Such a determination, the province of the jury, is a prerequisite to the proper imposition of a penalty for attempted theft under R.S. 14:27(D)(2) as amended.
Nor does the failure of defendant to object to the trial court's acceptance of the instant verdict serve to waive defendant's right to argue the error on appeal. The verdict is part of the pleadings and proceedings reviewable under C.Cr.P. Art. 920(2). See State v. Craddock, 307 So.2d 342 (La. 1975) and the authorities cited therein.
In a theft case defendant may not properly be sentenced upon a jury finding of guilt of attempted theft under R.S. 14:27(D)(2) absent a determination of value by the jury. Therefore in a theft case a verdict of attempted theft must describe either the value of the property which is the object of the attempted theft or whether such property in value is $100 or more, or less than $100.
We have in this opinion found it necessary, in the interpretation and application of R.S. 14:27(D)(2), to invalidate a *306 verdict specifically sanctioned as a responsive verdict by Article 814 of the Code of Criminal Procedure. To do otherwise would facilitate the imposition of a sentence not permitted by one interpretation of the jury verdict. A jury verdict must clearly express the intent of the jury and must do so in terms of the statute which provides the penalty. The instant verdict clearly indicates that the jury found the defendant to have committed the crime of attempted theft. That verdict does not clearly indicate whether the theft was of property valued at more or less than $100 so as to identify the appropriate sentence which may be imposed under R.S. 14:27(D) (2). The problem lies in the Legislature's inadvertent failure to amend Art. 814 when they amended R.S. 14:27 in 1970. This oversight has been noted by the Louisiana State Law Institute which in the current session of the Legislature has proposed and secured introduction of House Bill 163 of 1975 amending Art. 814 to reflect that change.[5]
Because the jury verdict constituted at least a finding of guilt to attempted theft of property of a value of less than $100, we have considered the possibility of affirming the conviction and reducing the sentence to the maximum authorized for such crime of attempted misdemeanor theft ($200 and 6 months in the parish jail). In oral argument counsel for the State and for the defendant both expressed opposition to such a disposition.
We have determined that we should not choose this course, because to do so would be to substitute our judgment for that of the jury and usurp the jury's function. Furthermore, the state should not be precluded from trying the defendant anew for attempted felony theft (attempted theft of property of $100 or more in value) if that is their choice.
Accordingly, for the above assigned reasons the conviction and sentence are reversed and the case is remanded for retrial.
SANDERS, C. J., dissents for the reasons assigned by MARCUS, J.
MARCUS, J., dissents and assigns reasons.
SUMMERS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
I adhere to the views expressed in the original opinion. As stated therein, the jury made a determination as to the amount of the attempted theft. The indictment specifically charges defendant with the theft of property valued at more than $500.00; the verdict was guilty of attempted theft. Therefore, it must be assumed that the verdict found defendant guilty of attempted theft of property in the amount specified in the indictment. Likewise, if the jury had returned verdicts of either "Guilty" or "Guilty of unauthorized use of movables," it would clearly have meant that the jury had found defendant guilty of theft of property or of unauthorized use of movables in the amount specified in the indictment. If the jury found defendant guilty of attempted *307 theft of property valued less than $500.00, the jury should have returned a verdict of not guilty. Hence, in my view, the verdict reflects that the jury found defendant guilty of attempted theft of property valued at more than $500.00. I respectfully dissent.
SUMMERS, Justice (dissenting).
I adhere to the reasons assigned in this Court's original opinion and to the reasons assigned by Mr. Justice Marcus in his dissenting opinion on rehearing.
NOTES
[1] The responsive verdicts for the charge of theft, article 814 of the Code of Criminal Procedure, are:

Guilty.
Guilty of theft of property of ______ dollars in value.
Guilty of attempted theft.
Guilty of unauthorized use of movables.
Not guilty.
[1] The responsive verdicts for theft are listed in C.Cr.P. Art. 814(23):

"23. Theft:
Guilty.
Guilty of theft of property of____ dollars in value.
Guilty of attempted theft.
Guilty of unauthorized use of movables.
Not guilty."
[2] C.Cr.P. Art. 859(5) provides:

"Art. 859. Grounds for arrest of judgment
"The court shall arrest the judgment only on one or more of the following grounds:
". . .
"(5) The verdict is not responsive to the indictment, or is otherwise so defective that it will not form the basis of a valid judgment . . .."
[3] R.S. 14:67 Theft

"Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
"When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
"When the misappropriation or taking amounts to less than a value of one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of theft two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than one thousand dollars, or both.
". . ." (Emphasis provided).
R.S. 14:2(4) provides:
"(4) `Felony' is any crime for which an offender may be sentenced to death or imprisonment at hard labor."
[4] R.S. 14:27, in pertinent part, prior to the 1970 amendment provided:

"(2) If the offense so attempted is theft or receiving stolen things, he shall be fined not more than two hundred dollars, or imprisoned for not more than one year, or both;"
[5] House Bill 163 would amend Art. 814(23), and Art. 814(24) as well, by adding the underscored portions below so as to read as follows:

23. Theft:
Guilty.
Guilty of theft of property of____ dollars in value.
Guilty of attempted theft.
Guilty of attempted theft of property of $____ in value.
Guilty of unauthorized use of movables.
Not guilty.
24. Attempted Theft:
Guilty.
Guilty of attempted theft of property of $____ in value.
Guilty of attempted unauthorized use of movables.
Not guilty.