358 So.2d 289 (1978)
STATE of Louisiana, Appellee,
v.
Wallace Eugene COLEMAN, Jr., Appellant.
No. 60962.
Supreme Court of Louisiana.
April 10, 1978.
Rehearing Denied May 19, 1978.
*290 Wade A. Mouton, Kaplan, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant Coleman was convicted of theft, La.R.S. 14:67, and sentenced, as a multiple offender, to twenty years at hard labor, La.R.S. 15:529.1. Upon his appeal, the defendant argues 12 assignments of error.
The most arguable issue raised by the defendant's appeal concerns, under the particular facts of this case, the trial court's charge that a presumption of theft arises from the unexplained possession of recently stolen property, La.R.S. 15:432. (Assignment 6.)
Context Facts
By the bill of information, Coleman is charged with the theft of a 1975 Chevrolet valued at $4,300 belonging to Donald Stelly.
Stelly lived in a rural area on Louisiana Highway 82 below Forked Island in Vermilion Parish. On October 15, 1976, he left home for work at 5:30 a. m. He left his Chevrolet in his carport, the rear of which *291 faced the highway, with the keys in the automobile.
Some time before 6:30 a. m., his wife was awakened by the noise and lights of the vehicle starting. When she arose at 6:30 a. m., she called relatives to see if they had borrowed the vehicle. The taking of the automobile was reported to the police before 7:00 a. m., when Mrs. Stelly had discovered that neither relatives nor husband had removed the vehicle.
Upon receiving the radio report, a police officer in Rayne, some 30 miles or so to the north, stationed himself on a highway leading from the Forked Island area to the Interstate Highway entrance in Rayne. He observed and followed a Chevrolet meeting the description and license number which was proceeding up the highway; he stopped the vehicle two blocks short of the Interstate entrance.
The driver of this vehicle was identified as the defendant, a resident of the Hammond-Pontchatoula area of the state, more than one hundred miles to the east of Rayne. The officer stated that the defendant stated he had "borrowed" the automobile ("the keys were in the automobile and I borrowed it") and that he was going to Pascagoula, Mississippi.
The only witness to testify for the accused was his pregnant wife. Her testimony was solely as to their residence and as to their family of three children. No other testimony was offered to explain the accused's possession of the Stelly vehicle.
Assignment 6
Assignment 6 was taken to the trial court's refusal to omit from his general charge instructions relating to the presumption "that the person in the unexplained possession of property recently stolen is the thief," without further evidence to this effect, and that: "From the recent possession of stolen things guilt may be inferred unless there is a reasonable account given of the property as having been lawfully and not feloniously obtained. This inference or presumption is strengthened or weakened in accordance with the length of time between the theft and the time of finding of the property." See La.R.S. 15:432, affording a statutory presumption to such effect.
In the instant case, the defendant's counsel has persuasively stated a reason for concern with these instructions.
The defendant is charged with theft, a misappropriation requiring specific intent "to deprive the other permanently of whatever may be the subject of the misappropriation." La.R.S. 14:67. A responsive verdict for this charge is guilty of unauthorized use of movables, La.C.Cr.P. art. 814; the latter lesser crime is the intentional taking of a movable "without any intention to deprive the other of the movable permanently." La.R.S. 14:68.
The defendant's counsel strenuously argues that the effect of the instruction was to require the jury to find the accused guilty of theft (instead of the lesser crime of unauthorized use) simply because he was in possession of the missing vehicle. He contends that the instruction, under these circumstances, invades his constitutional rights: (a) his presumption of innocence, La.Const. Art. 1, Section 16 (1974), by reason of which the state is required to prove him guilty beyond a reasonable doubt of every element of the crime charged (specifically here, the intent to deprive the owner "permanently" of the vehicle); and (b) his right not to testify, without prejudice to his presumption of innocence, La.Const. Art. 1, Section 16 (1974), in that (because of the presumption) his failure to testify (which would have incriminated him in the least in the unauthorized, even if not permanent, taking of the vehicle) prevented him from advancing any explanation in support of a temporary "borrowing" of the vehicle rather than a permanent theft of it.
In State v. Searle, 339 So.2d 1194 (1976), we indicated doubt as to the continued constitutional validity of the presumption and suggested legislative attention to the problems posed, 339 So.2d 1203, and we likewise cited jurisprudence to the effect that "if the meaning of the presumption as conveyed to the jury by an instruction in a particular *292 case is that the defendant must personally explain his possession of the stolen property to the police or to the jury, reversible error will have been committed." 339 So.2d 1203.[1] We finally noted: "* * * before a jury can be told that if it finds one proven fact it must presume that another is true, the inference must be one which reasonable minds beyond a reasonable doubt could draw from the proven fact." 339 So.2d 1205. See also State v. Wingerter, 339 So.2d 1 (La.1976).
Therefore, if the effect of the instruction was to inform the jury that, because the defendant did not offer other explanation, it must find the accused guilty of theft instead of the lesser crime of unauthorized use, reversal is required.
Nevertheless, reading the charge as a whole, the effect of the instruction is only that the jury might, without further evidence, infer that the possessor of recently misappropriated property had been the person who had taken itwithout any necessary further inference that the intent was for permanent rather than temporary misappropriation. In the 9 pages of the charge dealing with the substantive crime and the state's burden of proof (Tr. 98-107), the trial court repeatedly emphasized the state's burden of proof and of the accused's right not to testify without prejudice (Tr. 98-99, 101, 103), and it further re-emphasized repeatedly the state's burden to prove that the property had been appropriated with the specific intent to deprive the other permanently of it (Tr. 105-106, 107).
In the context of the entire charge, the instruction (that the defendant in the unexplained possession of property recently stolen is presumed to be the thief) for jury purposes used "thief" and "stolen" in their colloquial sense of one who takes the property of another by craft or stealth,[2] rather than in any technical legal sense of "theft" as compared with "unauthorized use."
We therefore are unable to find reversible error, in part because of the extreme care taken by the trial court to avoid prejudicial overstatement of the effect of the presumption.
As to the other contentions of the instruction's unconstitutionality, we have previously found no constitutional defect when the effect of the presumption is shown (by the charge as a whole) only to create an inference that the person in possession of recently misappropriated property was the misappropriator; and so long as, in the context of the charge, the jury is adequately informed that the defendant need not testify to the circumstance of his possession of the misappropriated article any more than in the instance of any other circumstantial evidence pointing towards guilt. State v. Curry, 319 So.2d 917 (La. 1975); State v. Womack, 283 So.2d 708 (La. 1973). See also State v. Jamerson, 341 So.2d 1118 (La.1977).
Having found no reversible error, we once again reiterate the need for legislative attention to clarification of the statutory presumption in the light of the above principles, cf. also State v. Montoya, 340 So.2d 557 (La.1976), as well as the need for extreme care by trial courts which still give the instruction, or prosecutors who argue it, so that its effects, in the context of the entire charge and of clarifying language, are limited to those above-indicated as permissiblethat the emphasis or reiteration of the presumption is not used in such a manner as to lessen the state's constitutional and statutory burden of proving beyond a reasonable doubt the accused's guilt of every element of the crime charged, nor in such a manner that the defendant is penalized for his failure personally to explain his possession of the item, in derogation of his constitutional right to remain silent.
Other Assignments
We have examined carefully the other assignments of error urged by the *293 defendant. Despite his appointed counsel's skill, ingenuity, and energy, ultimately none of these assignments present reversible error,[3] essentially for the reasons stated by the trial court's per curiams.

Decree
Accordingly, we affirm the conviction and sentence.
AFFIRMED.
SANDERS, C. J., and SUMMERS, J., concur.
CALOGERO, J., dissents for the reasons assigned by DENNIS, J.
DENNIS, J., dissents and assigns reasons.
DENNIS, Justice, dissenting.
The theft presumption is irremediably unjust. In order to sustain the use of a presumption to prove the crime charged it is incumbent upon the prosecution to demonstrate that the presumed fact must beyond a reasonable doubt flow from the proven fact on which it is made to depend. State v. Searle, 339 So.2d 1194 (La.1976). Although the trial judge exerted an admirable effort, the jury in this case, and in almost any case, is apt to interpret the presumption to mean that any person in the unexplained possession of property not his own is presumed to be in the possession of stolen property and is presumed to be the thief. Thus there is grave danger the jury could reach a verdict on the basis of no proven facts other than the defendant's unexplained possession. In such event, the prosecution will have been relieved of its just burden of proving beyond a reasonable doubt that the defendant took property with the intention of permanently depriving its owner. Instead, the State may be allowed, as here, to incarcerate the defendant for twenty years at hard labor merely upon proof that he was found in possession of an automobile not his own.
NOTES
[1] See State v. McGhee, 350 So.2d 370 (La. 1977), reversing a conviction by application of this principle.
[2] See Webster's Third New International Dictionary, verbo "steal", p. 2232, "stolen", p. 2248, and "thief", p. 2375 (1961).
[3] Only one of these assignments might require explanation.

As to Assignment 7, the inclusion of "guilty as charged" to the responsive verdicts for theft authorized alone by La.C.Cr.P. art. 814(23) was erroneous. The statute's list of responsive verdicts requires a jury finding as to the value of the property stolen.
Under the present circumstances, however, where the only property taken was a new automobile recently purchased for $6,700, well above the $500 amount for the maximum gradation of the theft offense, La.R.S. 14:67, the jury's finding him guilty of the information's charge of theft of the automobile valued at $4,300 was responsive of the intent of the jury. See State ex rel. Miller v. Henderson, 329 So.2d 707 (La.1976).
The error did not involve the prejudice that may arise where the value of the property is disputed or may be within a gradation of the theft offense lesser than the $500 (and over) the amount for which the maximum penalty is provided. See State v. White, 315 So.2d 301 (La.1975). The error is harmless.