TATE, Justice.
The defendant was convicted of theft, La.R.S. 14:67, of an automobile valued at $5,000, and sentenced to ten years imprisonment at hard labor.
Upon his appeal, the defendant principally contends that the trial court improperly instructed the jury of the statutory presumption, La.R.S. 15:432 (which “nonetheless may be destroyed by rebutting evidence”), that a “person in the unexplained possession of property recently stolen is presumed to be the thief.”
The owner of the automobile testified that his Plymouth disappeared (“was stolen”) from the place at which he had parked it on August 28, 1977. He did not see the taker. He had given no one permission to use the automobile, and he did not know the defendant.
On the following day, a plainclothes policeman, having just received the report of a simple robbery by a described suspect in a Plymouth, observed the described Plymouth and its driver (who met the description of the robber). The Plymouth backed up the one-way street, the officer in chase, and was driven to another location. The driver fled on foot after the vehicle stopped.
The accused was identified by the police officers as the driver. He was found in a nearby apartment to which he had fled. The Plymouth was identified as the vehicle which had been taken the day before without the consent of its owner.
The defendant testified in his own behalf. The substance of his testimony is that he was arrested while in the apartment on the basis of mistaken testimony that he was the person who had just fled from the location of the automobile. His defense, thus, was that he was not the person who was in possession of and driving the misappropriated automobile.
The jury, apparently disbelieving his defense, convicted him of theft.[1]

Assignment of Error

The defendant contends that it was error for the trial court to permit (over his objection and request for a mistrial) the prosecutor to argue, briefly but in final summation of his opening argument, that “a person in possession of recently stolen property is presumed to be the thief,” and that it was error for the trial court (over his objection) to instruct the jury to the same effect.
The effect of the presumption, if given in such terms, is (it is argued) to enable the state to escape its constitutional burden of proving guilt of the offense charged beyond a reasonable doubt, especially since other inferences may be equally reasonable (such as that the offender had received the vehicle from someone else in the intervening twenty-four hours following its disappearance, or that the offender is instead guilty of the lesser responsive crime of unauthorized use of a movable). The defendant forcefully argues that the effect of the instruction and argument is to permit the jury to find an accused guilty of theft of an automobile on the single circumstance that, on the day following its disappearance, he is found in its possession.

The “Presumption” and its Constitutionality

For reasons to be explained, we do not find that, under the totality of the facts *186 and of the instructions given in this case, the jury-instruction or prosecutor’s argument had the unconstitutional effect of informing the jury that it could convict the accused of theft without proof beyond a reasonable doubt that the accused (a) had taken or misappropriated the automobile (b) with the specific intent to permanently deprive its owner of it, (c) without the consent of the owner (essential elements of theft, La.R.S. 14:67, see State v. Victor, 368 So.2d 711 (La.1979)).
As stated in Barnes v. United States, 412 U.S. 837, 843, 93 S.Ct. 2357, 2361-62, 37 L.Ed.2d 380 (1973), federal due process is not offended if, at the least, “a statutory inference submitted to the jury as sufficient to support conviction satisfies the reasonable-doubt standard (that is, the evidence necessary to invoke the inference is sufficient for a rational juror to find the inferred fact beyond a reasonable doubt) * * In State v. Searle, 339 So.2d 1194 (La.1976), we interpreted to similar effect state constitutional provisions and noted that, under them, the statutory inference (presumption) “cannot be interpreted to mean, or a jury led to believe, that the defendant must do anything other than produce some evidence contrary to or, at most, create a reasonable doubt as to the presumed fact in order to destroy the presumption.”[2] 339 So.2d 1203. See also State v. Muse, 363 So.2d 462 (La.1968).
Nevertheless, under the totality of the instructions similar to those found in the present case, in State v. Coleman, 358 So.2d 289 (La.1978) we did not find these principles offended, so as to require reversal, by the inclusion of the objected-to statutory language within the charge.
We held there, as we hold now under the present charge,[3] that under the totality of the charge the statutory language could be understood by the jury as to permit them only to infer, in the absence of any other explanation, that the possessor of the recently misappropriated automobile had been the person who had taken it — without any further necessary inference that the intent of the taking was for permanent rather than temporary misappropriation, and without lessening the burden of the state to prove beyond a reasonable doubt both that the possessor had misappropriated the vehicle and that he had done so with the intent of a permanent misappropriation. The present charge properly indicated also that the inference could be strengthened or weakened according to the factual context, such as the length of time between the misappropriation and the time the property was discovered.
Even so, reversible error may occur, in the light of the factual context of a particular case, by use of the presumption so as to erode the constitutional right of the accused not to be a witness against himself or his constitutional protection that the state prove his guilt beyond a reasonable doubt. State v. Montoya, 340 So.2d 557 (La.1976). As in State v. Taylor, 363 So.2d 699 (La. 1968) and State v. Muse, 363 So.2d 462 (La.1978), we must accordingly examine the references to the “presumption” in the light of the factual context of the present case to determine whether it was constitutionally used.
The testimony of the vehicle’s owner proves without contradiction that it was unlawfully taken the day before it was found in the defendant’s possession. Despite the accused’s denial that he was the vehicle’s driver, the overwhelming weight of the evidence is that the policeman saw him in the vehicle, he drove it away, chased by the police (with siren blaring); then escaped from the misappropriated vehicle on foot, still chased by the police; and then hid himself in an apartment, until captured by the chasing police.[4]
*187 Finally, when the accused himself testified, he advanced no explanation for his possession of the taken vehicle (proved beyond a reasonable doubt), but instead denied being the person who possessed it— which defense the jury rejected, in the light of the overwhelming evidence to the contrary. Thus, as here used, the “presumption” (inference) could not have been understood by the jury as requiring the defendant to waive his privilege not to incriminate himself by taking the stand, but only in its classic sense that the trial jury might reasonably infer under all the circumstances that a person found in possession of recently misappropriated property was himself involved in its taking if, despite an opportunity to do so, he makes no explanation for his possession of it — providing that, under all of the actual circumstances, the jury finds that beyond a reasonable doubt the defendant himself took the property with the intent to deprive its owner permanently of it.
We thus find no reversible merit to the assignment.

Caveat

Once again, as in the above-cited Muse, Coleman, Montoya, and Searle decisions, we note the serious constitutional issues implicit in a charge including the statutory “presumption . . . that the person in the unexplained possession of property recently stolen is the thief,” La.R.S. 15:432, or in prosecutorial argument relying heavily upon it.
Once again we indicate disapproval of the use of the inference in these statutory terms, which requires such extreme care in clarifying and limiting instructions and which requires such painstaking appellate examination to assure that the “presumption” does not unconstitutionally affect the rights of the accused. See also: McCormick on Evidence, Section 344 (2d ed. 1974); Pugh, Louisiana Evidence Law (1974) at Supp. (1976) pp. 125-26; LaFave and Scott, Criminal Law, Section 21 (1972). Once again we emphasize that the preferable charge on the issue should indicate only that possession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which the jury can reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence in the case (which may weaken or strengthen the inference), that the person in possession had unlawfully taken the property. See, e. g., Wells v. People, 592 P.2d 1321 (Colo.1979).
While we do not find reversible error in this instance, we note once again the closeness of the constitutional issues involved and our hope that the occasion for potential reversal will be avoided in the future by charges as to the inference more in accord with the views expressed here and in the decisions previously cited.

Decree

Finding no reversible error, we affirm the conviction and sentence.
AFFIRMED.
SUMMERS, C. J., concurs.
CALOGERO, J., concurs. The pertinent issue has been decided by a majority of this court. Otherwise, I would be inclined to dissent for reasons expressed in dissent in State v. Coleman, 358 So.2d 289 (La., 1978).
MARCUS, J., concurs.
DENNIS, J., dissents and assigns reasons.

. The six-person jury convicted him by a vote of 5-1. The minute entry to such effect permits us to review constitutional error, if any, patent on the face of the proceedings. State v. Wrestle, Inc., 360 So.2d 831, 837 (La. 1978); reversed sub nom. Burch v. Louisiana,-U.S. -, 99 S.ct. 1623, 60 L.Ed.2d 96 (1979), under similar circumstances, for the non-unanimous verdict. However, we have held that the Burch ruling does not apply retroactively to juries impaneled before the date of its decision. State v. Brown, 371 So.2d 746 (La. 1979).

. No such clarifying instruction was here requested.

. Pertinent portions of the charge are set forth in an appendix to this opinion.

.We note the defendant’s argument that this flight could as easily be explained by the testimony of the police that they wanted to stop the accused because he met the description of the perpetrator of a simple robbery. Nevertheless, even without the statutory inference, we would *187 be unable to say that the flight under the circumstances is not some evidence from which the jury might infer culpable knowledge or intent with reference to the misappropriated automobile,