WILLIAMS, Judge.
Defendant, Frank J. Woods, was charged by bill of information with purse snatching, a violation of LSA-R.S. 14:65.1. After a jury trial, defendant was found guilty as charged. He was sentenced to twenty years at hard labor.[1] Defendant appeals, assigning as error the trial court’s instruction to the jury that “(y)ou may infer that a person in the unexplained possession of property recently stolen is the thief.” We affirm.
On the morning of April 25, 1987, Sisters Marie Rudegeair and Sheila Murphy were walking down Basin Street toward Canal Street in New Orleans. As they reached Bienville, a medium built black man approached them from behind and snatched Sr. Rudegeair’s purse. The man ran away, and Sr. Rudegeair chased him for a short distance before returning to her companion who was still standing on the street corner.
Leroy Baker, employed by Covenant House and the nearby Our Lady of Guadalupe Church, testified that he was in the vicinity at the time of the offense. He heard a scream and immediately looked up and saw a man he knew as Frank Nitty running from the scene carrying a purse." Mr. Baker followed the assailant and again saw him with the purse in his hand. Mr. Baker then returned to the two women and offered his assistance. Baker informed Officer Edward Cooper that he recognized the assailant as Frank Nitty, also identified as *658 Frank Woods under Baker’s church files, and gave Officer Cooper defendant’s address.
Early the next morning, Officer Cooper went to defendant’s residence to question him about the incident. Officer Cooper read defendant his rights but did not arrest him. Defendant denied any involvement in the offense, but indicated that he knew who committed it and where the perpetrator put the purse. Officer Cooper testified that defendant voluntarily accompanied him to the alleged site of the stolen purse and that Officer Cooper searched the area while defendant remained in the police vehicle for safety purposes. Upon finding nothing, Officer Cooper returned to the car and told defendant that he did not believe him. At this point, defendant became angry and, without force, intimidation or coercion, blurted out that he did take the purse and then challenged Officer Cooper to prove it. Officer Cooper then placed defendant under arrest.
A search warrant was obtained for defendant’s residence. Inside of a drawer in defendant’s bedroom were found the registration for a car owned by the New Jersey school for which Sr. Rudegeair worked and stubs from Sr. Rudegeair’s travelers checks. At trial, Sr. Rudegeair identified these items as being among the contents of the stolen purse.
By his sole assignment of error, defendant contends that the trial court erred in charging the jury:
You may infer that a person in the unexplained possession of property recently stolen is the thief. In considering this inference you must remember that the defendant is not required to testify. The possession may be explained by other facts and circumstances independent of the testimony of the defendant. You should also bear in mind that the law never imposes upon a defendant the burden of calling any witnesses or of producing any evidence and that the state must prove every element of the offense charged beyond a reasonable doubt.
First, defendant alleges that the charge was given without a factual basis in the record, in that the property was not “recently stolen” when recovered and the room from which the items were recovered was not shown to be defendant’s room. This contention is without merit.
The offense occurred mid-morning on April 25, 1987. The items were recovered in the early morning of April 26, 1987, less than twenty-four hours later. This time lapse was well within the definition of “recently stolen.” See State v. Ford, 489 So.2d 1250 (La.1986), cert granted and judgment vac. on other grounds, Ford v. Louisiana, 479 U.S. 1077, 107 S.Ct. 1272, 94 L.Ed.2d 133 (1987), on remand, State v. Ford, 503 So.2d 1009 (La.1987).[2] Furthermore, Officer Cooper testified that, once inside of defendant’s apartment, he was directed to defendant’s room by defendant’s mother. Defendant did not contest this fact at the trial and, in fact, does not maintain on appeal that the room was not his. Thus, the record provides sufficient factual basis for the charge.
Next, defendant contends that the charge impermissibly shifted to defendant the burden of proving his innocence. This contention is without merit.
It is well settled that a charge such as the one given in the instant case is proper when the effect of the inference or presumption is shown by the charge as a whole to create only a permissive inference that a person in the unexplained possession of stolen property is the thief, and the presumption is not used to lessen the State’s burden of proving every element of the crime charged or to penalize defendant for his failure to testify. State v, Coleman, 358 So.2d 289 (La.1978); State v. Taylor, 363 So.2d 699 (La.1978).
Although we were not provided with the a transcript of the entire jury charge, our reading of that portion of the charge which *659 appears in the record shows that the effect of the instruction was to create only a permissive inference that a person in the unexplained possession of stolen property is the misappropriator. The trial court emphasized that the defendant was not required to testify and clearly stated that the State must prove every element of the crime charged beyond a reasonable doubt. The inference or presumption created by the instruction was directly followed by this admonition. Thus, the jury charge was proper, and the defendant’s assignment is without merit.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. A multiple bill filed in this case apparently was not acted upon by the trial court.

. The judgment was vacated and the case remanded for a hearing on a Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), claim of the use of peremptory challenges by the state to exclude from the jury members of the defendant's race.