## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2020 KA 0451

STATE OF LOUISIANA

VERSUS

DURELLE CORNELIUS JONES

Judgment rendered____**DEC** 0 2 **2020**____

* * * * *

On Appeal from the
Twenty-First Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
No.1201973, Div. "A"

The Honorable Jeffrey S. Johnson, Judge Presiding

* * * * *

Scott M. Perrilloux                          Attorneys for Plaintiff/Appellee
District Attorney                            State of Louisiana
Zachary Daniels
Assistant District Attorney
Livingston, Louisiana

Patricia Parker Amos
Assistant District Attorney
Amite, Louisiana

Lieu T. Vo Clark                             Attorney for Defendant/Appellant
Mandeville, Louisiana                        Durelle Cornelius Jones

* * * * *

**BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

**HOLDRIDGE, J.**

The defendant, Durelle Cornelius Jones, was charged by grand jury indictment with two counts of armed robbery with the use of a firearm (counts I and II), violations of La. R.S. 14:64 and La. R.S. 14:64.3; two counts of second degree kidnapping (counts III and IV), violations of La. R.S. 14:44.1(A)(5); aggravated rape[1] (count V), a violation of La. R.S. 14:42; and two counts of attempted first degree murder (counts VI and VII), violations of La. R.S. 14:27 and La. R.S. 14:30(A)(2). He initially pled not guilty on all counts. Thereafter, he pled not guilty and not guilty by reason of insanity on all counts. Count VII was dismissed prior to trial.

Following a jury trial, the defendant was found guilty as charged on counts I - VI by a non-unanimous jury by a vote of ten of twelve jurors.[2] The defendant was sentenced to ninety-nine years of imprisonment at hard labor without benefit of probation, parole, or suspension of sentence on each of counts I and II. He was sentenced to forty years of imprisonment at hard labor without benefit of probation, parole, or suspension of sentence on each of counts III and IV. On count V, he was sentenced to serve the remainder of his natural life at hard labor without benefit of probation, parole, or suspension of sentence. On count VI, he was sentenced to fifty years of imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. The district court ordered that all of the sentences would run concurrently with one another.

---

[1] 2015 Louisiana Acts Numbers 184, §1 and 256, §1 renamed the offense of aggravated rape as first degree rape.

[2] The minutes indicate that, on count IV, the defendant was found guilty of "Second Degree batter." The transcript, however, reflects that, on count IV, the defendant was found guilty of second degree kidnapping as charged. Where there is a discrepancy between the minutes and the transcript, the transcript prevails. **State v. Shurley**, 2014-0850 (La. App. 1 Cir. 6/5/15), 2015 WL 3613186, *1 n.1, <u>writ denied</u>, 2015-1246 (La. 6/17/16), 192 So.3d 775.

The defendant appeals, and in his sole assignment of error, he challenges his conviction by a non-unanimous jury verdict. For the following reasons, we vacate the conviction and sentence and remand to the district court.

## CONSTITUTIONALITY OF NON-UNANIMOUS VERDICT

In his sole assignment of error, the defendant contends he was convicted by only ten of twelve jurors on counts I - VI, and thus, the verdicts violated his rights to a jury trial, due process, and equal protection under the Sixth and Fourteenth Amendments to the United States Constitution as recognized by **Ramos v. Louisiana**, 590 U.S. __, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). He further argues that the error is patent on the face of the record.

The State argues **Ramos** has no application in this matter because "appellant's conviction became final in 2016." The State relies upon **State v. Patterson**, 572 So.2d 1144, 1148 (La. App. 1 Cir. 1990), writ denied, 577 So.2d 11 (La. 1991), in so arguing.

In **Patterson**, the defendant filed an out-of-time appeal seeking the benefit of the United States Supreme Court's decision in **Batson v. Kentucky**, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), which was decided *prior to* the defendant being granted the out-of-time appeal.[3] This court found the defendant failed to file his motion for appeal within the time delay provided in La. C.Cr.P. art. 914, and thus, his conviction and sentence "became final at the moment that time period expired." **Patterson**, 572 So.2d at 1148. This court therefore held the evidentiary standard pronounced in **Swain v. Alabama**, 380 U.S. 202, 85 S.Ct.

---

[3] **Batson** changed the evidentiary burden placed on a defendant who claims that he has been denied equal protection through the State's exercise of peremptory challenges to exclude members of his race. **Batson v. Kentucky**, 476 U.S. 79, 96-98, 106 S.Ct. 1712, 1723-24, 90 L.Ed.2d 69 (1986). The holding in **Batson** was retroactive and to be applied to all cases pending on direct review or not yet final at the time **Batson** was decided. See **Griffith v. Kentucky**, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987). See also **State v. Patterson**, 572 So.2d 1144, 1147-48 (La. App. 1 Cir. 1990), writ denied, 577 So.2d 11 (La. 1991).

3

824, 13 L.Ed.2d 759 (1965), which standard governed prior to **Batson**, applied in the defendant's case because:

> [t]he circumstance of defendant's filing on May 16, 1989, (more than ten years after his conviction and sentence became final) an application for post conviction relief in the district court requesting an out-of-time appeal which was granted by the court on October 30, 1989, (more than eleven years after the finality of defendant's conviction and sentence) does not in any way alter the fact that the conviction and sentence became final prior to the decision in **Batson**.

**Patterson**, 572 So.2d at 1148.

Herein, the order allowing the defendant an out-of-time appeal was signed on August 13, 2019. The order notes that the defendant previously filed a motion for appeal with designation of the record on June 23, 2016, and the motion for appeal was granted on June 27, 2016. Unlike the **Patterson** case, the defendant's original motion for appeal was timely pursuant to La. C.Cr.P. art. 914(B)(2), which provides, in pertinent part, that a motion for appeal must be "made no later than: ... (2) [t]hirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1...." The defendant was sentenced on June 14, 2016; he timely moved for reconsideration of the sentence on June 23, 2016; and the motion for reconsideration was denied. See La. C.Cr.P. art. 881.1(A)(1). The defendant's motion for appeal was timely under La. C.Cr.P. art. 914(B)(2).

The out-of-time appeal in this matter was granted "due to the Motion for Appeal previously filed by Defendant being inadvertently passed over." The district court gave no reasons as to why the defendant's motion for appeal was "passed over." However, the failure of the district court, the minute clerk, or the clerk of court to perform their functions in connection with the filing of a timely criminal appeal does not affect the validity of the appeal. See La. C.Cr.P. arts. 915(A), 915(B), & 915.1(B). See also **State v. Ross**, 2006-1328 (La. App. 4 Cir. 3/14/07), 955 So.2d 167, 170, writ denied, 2007-1027 (La. 5/9/08), 980 So.2d 681; **State v.**

4

**Ambeau**, 2005-0711 (La. App. 4 Cir. 2/15/06), 930 So.2d 54, 60 (When delays were largely attributable to the criminal justice system, the State's motion to dismiss the defendant's appeal as untimely was denied because "substantial justice requires our disposition of this appeal as timely."). Accordingly, as the record reveals that the defendant moved for and was granted a timely appeal, the State's assertion that the defendant's conviction was final in 2016, premised on the belief that the defendant's appeal is an out-of-time appeal, is without merit.[4]

The State raises an alternative argument that it "seeks to use the current response as a vehicle for objection to the [district] court procedure." The State asks that the "matter should be remanded for further proceedings and the [district] court should treat the stand-alone motion as an application for post-conviction relief."[5] The fact that the defendant was initially granted a timely appeal likewise refutes the State's alternative argument objecting to the district court's action of allowing the defendant an out-of-time appeal without notice or an evidentiary hearing to prove the defendant's entitlement to an out-of-time appeal. Moreover, we note that on August 13, 2019, notice of the out-of-time appeal was sent to the State. The State does not allege, and the record does not indicate, that it objected in the district court to the granting of the out-of-time appeal. The State's arguments are without merit.

Returning to the merits of the defendant's appeal, as previously stated, on counts I - VI, the defendant was convicted by a vote of ten of twelve jurors.

---

[4] However, even if this was an out-of-time appeal, the jurisprudence holds that the state criminal judgment does not become final until the out-of-time appeal is resolved. See **State v. Fournier**, 395 So.2d 749, 750 (La. 1981); see also **Johnson v. Cain**, 68 F. Supp. 3d 593, 603 (E.D. La. 2014) ("[w]hen a petitioner is granted an out-of-time appeal, his state criminal judgment is not final until the date on which the state decision on an out-of-time appeal became final by the conclusion of direct review or the expiration of the time for seeking such review. See **Jimenez v. Quarterman**, 555 U.S. 113, 121, 129 S.Ct. 681, [686,] 172 L.Ed.2d 475 (2009).").

[5] Although the State argues that the defendant filed a "motion" for an out-of-time appeal, no such motion appears in the record. Notably, the district court in its order simply states that it "hereby orders that Defendant *be allowed* to lodge an out of time appeal" (emphasis added), but the order does not refer to any motion filed by the defendant.

5

In the recent decision of **Ramos**, 140 S.Ct. at 1397, the United States Supreme Court overruled **Apodaca v. Oregon**, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense in both federal and state courts. The **Ramos** Court further noted that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal.[6] **Ramos**, 140 S.Ct. at 1406. Thus, where the defendant's conviction was not final when **Ramos** was decided, the holding of **Ramos** applies. **State v. Bueso**, 2019-01675 (La. 6/22/20), 297 So.3d 719 (per curiam) (<u>citing</u> **Griffith v. Kentucky**, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987)).

Accordingly, this assignment of error has merit. The convictions and sentences on counts I - VI are vacated, and this case is remanded to the district court for further proceedings.

## CONVICTIONS AND SENTENCES VACATED; REMANDED.

---

[6] In **Crehan v. Louisiana**, ___ U.S. ___, 140 S.Ct. 2713, 206 L.Ed.2d 850 (2020), Justice Alito concurred in the judgment with the understanding that in cases in which the United States Supreme Court grants, vacates, and remands in light of **Ramos**, "the [United States Supreme Court] is not deciding or expressing a view on whether the question was properly raised below but is instead leaving that question to be decided on remand." In **Crehan**, this court had previously noted the defendant made "a pro forma challenge to the constitutionality of his non-unanimous guilty verdict." **State v. Crehan**, 2018-0746 (La. App. 1 Cir. 11/5/18), 2018 WL 5785479, *9, <u>writ denied</u>, 2018-2024 (La. 4/15/19), 267 So.3d 1124, <u>cert. granted and jmt. vacated</u>, 140 S.Ct. 2713. We are aware that a constitutional challenge may not be considered by an appellate court unless it was properly pleaded and raised in the district court below. **Vallo v. Gayle Oil Co., Inc.**, 94-1238 (La. 11/30/94), 646 So.2d 859, 864-65. Further, while there is no single procedure for attacking the constitutionality of a statute, it has long been held that the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. First, a party must raise the unconstitutionality in the district court; second, the unconstitutionality of a statute must be specially pleaded; and third, the grounds outlining the basis of unconstitutionality must be particularized. **State v. Hatton**, 2007-2377 (La. 7/1/08), 985 So.2d 709, 719.

The defendant failed to follow the proper procedure for preserving his challenge to the non-unanimous verdicts in this matter. However, the error is reviewable as patent error. <u>See</u> **State v. Boyd**, 2019-00953 (La. 6/3/20), 296 So.3d 1024 (per curiam). Further, the transcript and minutes reflect that only ten of twelve jurors concurred in the verdict. Accordingly, this claim is properly before this court.